**In re VAN BUREN PLAZA, LLC, Debtor.**

**Bankruptcy No. SA 95–10250 JW.**

United States Bankruptcy Court,
C.D. California.

Sept. 9, 1996.

Donald E. Rinaldi, West Covina, CA, for Debtor.

Russell M. De Phillips, Sean C. Coughlin, Cardiff by the Sea, CA, for Creditor Ironstone Group, Inc.

## MEMORANDUM OF DECISION

JOHN J. WILSON, Bankruptcy Judge.

At issue before the court is California's law on accord and satisfaction. Debtor Van Buren Plaza, LLC, (the "Debtor") seeks an order disallowing the claim filed by Ironstone Group, Inc. ("Ironstone") on the ground that accord and satisfaction had been reached resolving Ironstone's claim, whereas Ironstone contends that the parties never settled the claim by an accord and satisfaction under California law.

## I. STATEMENT OF FACTS

On June 26, 1992, the Debtor entered into a contract with Ironstone, according to which Ironstone would perform services related to reducing the amount of real property taxes the Debtor owed on the property located at 560 Van Burden Boulevard, Riverside, California (the "Property") for the 1992 assessment year and prior years. The Debtor agreed to pay Ironstone 35% of any tax savings that Ironstone was able to generate. Ironstone performed under the contract by contesting and negotiating the 1991 and then the 1992 real property value assessment with the County Assessor and by appealing the 1991 and 1992 tax assessment to the County Board.

On May 20, 1994, the Debtor sent a letter to Ironstone explaining the Debtor's understanding that Ironstone would charge for only one year of savings for the tax assessments on the Property. In the letter, the Debtor described a conversation between Ironstone and the Debtor's principal in which Ironstone said that the Debtor should sign the contract because Ironstone needed a signed contract in order to negotiate a further reduction of the tax assessment with the assessor's office. The Debtor signed the contract with the understanding that it would only be charged for the tax assessments for one year.

Pursuant to the agreement, Ironstone was able to secure a tax savings of $15,188.28 for the 1991 tax year and $17,329 for the 1992 tax year. On June 20, 1994, the Debtor issued a check to Ironstone in the amount of $4,977, which was the exact amount due to Ironstone for the 1991 tax assessment. On the back of the check, the Debtor printed "Payment in full for all services to date. Ref. invoice 03–1721 & 03–1792."

Before depositing the check on July 15, 1994, Ironstone forwarded to the Debtor a letter containing the following language:

> We have received payment on your account for invoice No. 03–1721. We accept this payment, however, we do not agree that it is payment in full. As stated in your 1992 Tax Engagement Agreement, the fee for our services will be 35% of any tax savings we are able to generate, The original terms of this Engagement Agreement are still binding.

After receiving no response from the Debtor to Ironstone's letter, Ironstone deposited the check as payment for the 1991 invoice and Ironstone believed that payment was still due on the 1992 invoice.

On January 10, 1995, the Debtor filed a petition under Chapter 11, and on May 17, 1995, Ironstone filed a timely proof of claim for $7,646.17.

## II. DISCUSSION

The three issues in this case are: (1) what is the applicable law in California on accord and satisfaction?; (2) whether there was a bona fide dispute over an unliquidated claim; (3) whether the conduct between the parties was sufficient to constitute an accord and satisfaction of the claim.

▮ In 1951, the Supreme Court of California established the rule of law in California for conditional checks issued to settle a disputed claim. *Potter v. Pacific Coast Lumber Co. of California*, 37 Cal.2d 592, 234 P.2d 16 (1951). Specifically, the court found that when a debtor issues a check in full satisfaction of a claim, the retention and use of such a check constitutes an accord and satisfaction. *Id.* at 597, 234 P.2d 16. A creditor's protest against accepting the check as payment in full is immaterial, because the creditor only has two choices, either accept or reject the check in accordance with the conditions. *Id.* In *Potter*, a dispute arose between a buyer and a seller over the proper deductions of costs by the buyer on the sale of three separate carloads of lumber. After receiving the shipment from the seller, the buyer sent a check to the seller for the shipments with the buyer's deductions noted

on the invoice sent with the check. At the top of each invoice, the buyer wrote words to the effect that accepting the checks would be in full settlement of the three sales contracts between the two parties. The seller cashed the checks and then later wrote to the buyer seeking additional payments. The court held that cashing the check constituted an accord and satisfaction of the claim since seller had but two choices, either accept the check as payment in full or reject the check. *Id.* at 603, 234 P.2d 16.

In 1987, however, a creditor's options when it receives a conditional check increased. The California legislature changed the existing law on accord and satisfaction by enacting Civil Code Section 1526. *Red Alarm, Inc. v. Waycrosse, Inc.*, 47 F.3d 999, 1003 (9th Cir.1995). In relevant part, Section 1526 provides:

> (a) Where a claim is disputed or unliquidated and a check or draft is tendered by the debtor in settlement thereof in full discharge of the claim, and the words "payment in full" or other words of similar meaning are notated on the check or draft, acceptance of the check or draft does not constitute an accord and satisfaction if the creditor protests against accepting the tender in full payment by striking out or otherwise deleting that notation or if the acceptance of the check or draft was inadvertent or without knowledge of the notation.

Cal.Civ.C. § 1526(a).

▮ Little case law exists interpreting this statute. To date, only two cite the statute: *Red Alarm* and *Armco, Inc. v. Glenfed Financial Corp.*, 720 F.Supp. 1129 (D.N.J. 1989). The language in the statute provides a party receiving a conditional check with new alternatives besides either accepting the check in full settlement of the claim or rejecting the check. A creditor can simply cross out the words equivalent to "payment in full," or can otherwise communicate to the debtor that the check is being accepted but not in full satisfaction of the claim. As a policy matter, Section 1526(a) prevents a debtor from making a payment on a debt, which is clearly a minimum amount owed to the creditor, that forces the creditor into a

compromise of other legal entitlements. *Red Alarm,* at 1003.

Therefore, the Debtor's objection to Ironstone's claim must be evaluated in light of both case law and Section 1526(a). Before an accord and satisfaction can be established, there must be an unliquidated claim or a bona fide dispute between the parties. To determine whether a bona fide dispute exists, the test in whether the dispute was honest or fraudulent. *B & W Engineering Co. v. Beam,* 23 Cal.App. 164, 171, 137 P. 624; 1 C.J.S. at 32(b), pp. 515–517. In this case, the Debtor contends that a bona fide dispute exists between the parties based on the letter where the Debtor describes a conversation between the Debtor and Ironstone establishing that the Debtor signed the contract with the understanding the Debtor would be charged for the tax assessments for only one year. A fair reading of the letter indicates the Debtor had an honest belief that it did not owe money for the 1992 tax assessment.

In its opposition to the Debtor's objection to claim, Ironstone argues that no bona fide dispute existed between the parties and that the letter submitted by the Debtor is hearsay. However, Ironstone never properly objected to the admission of the letter into evidence by filing a formal objection pursuant to the Local Rule 111(1)(k). Ironstone offers no evidence to contradict the letter and relies exclusively on the terms of the contract. Without further evidence, Ironstone has not refuted the Debtor's assertion. Thus, Debtor has established that a bona fide dispute exists between the parties.

Since a bona fide dispute exists between the parties, it is necessary to determine whether the facts of this case fall within the provisions of section 1526(a), in effect allowing Ironstone to cash the conditional check while still preserving its right to resolve the disputed claim in the future.

Section 1526(a) was intended to limit accord and satisfaction to circumstances where the creditor clearly expressed an intent to settle the disputed claim. It dealt with the creditor's dilemma, where it might decide that "a bird in the hand is worth two in the bush, [and] may feel compelled to accept partial payment, even when the creditor believes the dispute is not bona fide." Scott Burnham, "Accord and Satisfaction in California: a Trap for the Unwary," 30 Santa Clara L.Rev. 473, 481–2 (1990). When a creditor receives a conditional check, Section 1526(a) allows the creditor to communicate its express intent not to enter into an accord and satisfaction "by striking out or otherwise deleting" the notation "payment in full," or similar words.

In the statute itself, the legislature did not indicate what the words "otherwise deleting" mean within the context of Section 1526(a)'s phrase "... if the creditor protests against accepting the tender in full payment by striking out or otherwise deleting that notation ..." A literal interpretation might hold that the statute does not apply in cases where an oral statement, separate communication, or accompanying letter, rather than the check itself, communicates that the creditor wishes to reject the debtor's offer to settle the claim. But it would seem strange to limit the statute to simply striking out the phrase "payment in full" or otherwise deleting the notation by liquid paper or an eraser, and render ineffective any other means of communicating an intent not to enter into an accord and satisfaction, such as a creditor sending a letter to a debtor.

In this case, Ironstone clearly expressed its intent not to enter into an accord and satisfaction with the Debtor. Ironstone sent a letter to the Debtor accepting the payment for the 1991 tax assessment but rejecting the check as full satisfaction of the entire claim. This court finds in this case that the term "otherwise delete" is broad enough to include Ironstone's letter to the Debtor because it clearly indicates that Ironstone's acceptance of the check did not constitute an accord and satisfaction of the disputed claim. Since Ironstone has established that it clearly communicated its intent not to enter into an accord and satisfaction, it has satisfied Section 1526.

### III. CONCLUSION

Based on the foregoing, the court finds that a bona fide dispute existed between the parties. Further, the court finds no accord

and satisfaction was reached between Ironstone and the Debtor. The Debtor's objection to Ironstone's claim is therefore overruled, and Ironstone's claim against Debtor's estate is allowed as a general unsecured claim in the amount of $7,646.71.

This memorandum of decision contains this Court's findings of fact and conclusions of law. Counsel for Ironstone shall lodge and serve a proposed order consistent with this memorandum of decision.