117 Cal.Rptr.2d 771 (2002)
96 Cal.App.4th Supp. 52
Jerrell E. WOOLRIDGE, Plaintiff and Appellant,
v.
J.F.L. ELECTRIC, INC., et al., Defendants and Respondents.
No. CIV.A. 1051.
Appellate Division, Superior Court, San Bernardino County.
January 28, 2002.
*772 Jerrell E. Woolridge, in pro. per., for plaintiff and appellant.
Cuff, Robinson & Jones, Kenneth L. Quails, San Bernardino, for defendant and respondent.
Before MARY E. FULLER, P.J., and KEITH D. DAVIS and JOHN P. WADE, JJ.

OPINION
THE COURT.

PROCEDURAL SUMMARY
On February 8, 1999, appellant, Jerrell E. Woolridge, sued respondents, J.F.L. Electric, Inc. (J.F.L.) and its chief executive officer[1], for injuries suffered in an automobile accident. On October 7, 1999, J.F.L. moved for summary judgment on the grounds that all claims had been resolved *773 through an accord and satisfaction. After a hearing held December 27, 1999, the court granted summary adjudication on the bodily injury claim but denied it on property damage. In making his ruling, the motion judge said, "[T]he defendant's notation on the one check, that it was partial payment, is sufficient to signify that he did not agree to accord and satisfaction on that check, [and] while an accord and satisfaction has been reached to the [bodily] injury claim and storage fees, the lawsuit should go forward to the proper amount the plaintiff is allowed for loss of the vehicle."
The case was tried to the court on December 7, 2000. The court took the matter under submission and on December 8, 2000, awarded judgment to J.F.L., finding the parties had reached an accord and satisfaction as to the remaining claims.
Timely notice of appeal was filed.

FACTS
Mr. Woolridge's 1986 BMW was damaged in October of 1998, when a J.F.L. employee rear-ended it. J.F.L.'s insurance carrier, Fireman's Fund, tried to settle the claim by issuing three checks: The first, in the amount of $780.00, was payable to Savage BMW and bore the notation "For storage on vehicle for JFL re: Woolridge Invoice # 10018." Two more checks were issued, payable to Woolridge. A $3,000 check bore the notation "For full and final settlement for your injury." A $6,545 check bore the notation "For the total loss of your vehicle and advance car rental for 27[[2]] per day for 44 days."
Accompanying the checks was a release form which Woolridge was instructed to sign and return. He did not sign the release, but he cashed both checks. The $3,000 check was cashed without reservation. Before cashing the $6,545 check, he wrote "partial payment" next to his endorsement, but he did not cross out the "full and final settlement" language on the face of the check.
After cashing the checks, Woolridge sued J.F.L. for additional sums he alleged J.F.L. still owed him. As noted above, J.F.L. succeeded in obtaining summary adjudication as to Woolridge's claim for bodily injury damages, based upon evidence that he had cashed the $3,000 check without reservation. Because summary judgment was denied on the property damage and loss of use claims, these claims went to trial.
At the outset, the trial court told the parties it planned to accept evidence not only on the amount of damages but also on the asserted defense that an accord and satisfaction had been reached on the remaining claims, stating "[the law and motion judge] did not grant summary judgment only as to the issue of property damage ... [a]nd that's the only issue that we have before us. I'm not sure that that gets us by the question of the [accord] and satisfaction. That also is a live issue in this trial." Mr. Woolridge responded, "I can understand that. Thank you."
Mr. Woodridge testified that, in his opinion, his car was worth $15,000 before the accident, and the cost to repair would be $11,840.72. He alluded to an estimate from Arrow Glenn Appraisal, but a hearsay objection to that evidence was sustained. He also contended he was entitled to loss of use damages of $27 per day for 487 days.
Mr. Clark, the Fireman's Fund adjuster, disagreed with Mr. Woolridge's evaluation. He testified he had obtained a professional appraisal showing the cost to repair exceeded the car's market value and therefore *774 the company considered the car a "total loss." He then explained how he had computed salvage value and arrived at the $6545 settlement amount that Woolridge had received.
On the accord and satisfaction issue, while Mr. Woolridge admitted he cashed the check sent to him for property damage and loss of use, he contended he had rejected it as an accord and satisfaction. He attempted to place into evidence a letter to Mr. Clark in which he said he was not accepting the check as a full payment. Clark testified he never received the letter, possibly because it was addressed to a nonexistent post office box. The court sustained J.F.L.'s hearsay objection and excluded the letter from evidence.
Mr. Clark testified he had discussed settlement with Mr. Woolridge. Although at certain times during their discussions, Mr. Woolridge had disagreed with the value Clark was placing on his car, Clark said the check ultimately issued by the insurance company represented his understanding of the amounts for which Woolridge had agreed to settle. Mr. Woolridge denied having agreed to accept these amounts.
At the conclusion of testimony, the court took the matter under submission. Thereafter, the court gave judgment to defendant on the ground that the parties had reached accord and satisfaction on remaining claims. This appeal followed.

DISCUSSION
Appellant first contends the trial judge erred in considering respondent's accord and satisfaction defense because the judge was bound by the law and motion judge's finding that there was no accord and satisfaction on the property damage and loss of use claims. We disagree.
The purpose of summary judgment is to determine whether triable issues of fact exist, not to resolve any issues that remain. "[T]he fact that a motion for summary adjudication is granted as to one or more causes of action, affirmative defenses, claims for damages, or issues of duty within the action shall not operate to bar any cause of action, affirmative defense, claim for damages, or issue of duty as to which summary adjudication was either not sought or denied." (Code Civ. Proc, § 437c, subd. (m)(2).) Whether an accord and satisfaction has been reached is a question of fact. (In re Marriage of Thompson (1996) 41 Cal.App.4th 1049, 1059, 48 Cal.Rptr.2d 882.) In denying J.F.L.'s motion for summary judgment, the law and motion judge could do no more than find the company had failed to meet its burden of showing as a matter of law that an accord and satisfaction had been reached. Therefore, that factual question was still unresolved when the case went to trial.
Having concluded the trial court properly considered whether the parties had reached an accord and satisfaction, we move to the question of whether the trial court was correct in concluding that they had done so. The court's judgment is contained in a December 8, 2000, minute order that reads in pertinent part: "Judgment will be for the defendant. It is found that acceptance of the check with the notation 'for the total loss of your vehicle and advance car rental for 27 per day for 44 days' constitutes an accord and satisfaction." Two California statutes relate to a debtor's attempt to reach an accord and satisfaction on a disputed claim by tendering the creditor a check. The first, Civil Code section 1526, was enacted in 1987. It reads in pertinent part: "(a) Where a claim is disputed or unliquidated and a check or draft is tendered by the debtor in settlement thereof in full discharge of *775 the claim, and the words `payment in full' or other words of similar meaning are notated on the check or draft, the acceptance of the check or draft does not constitute an accord and satisfaction if the creditor protests against accepting the tender in full payment by striking out or otherwise deleting that notation or if the acceptance of the check or draft was inadvertent or without knowledge of the notation." (Italics added.) (Civ.Code, § 1526, subd. (a).) Under this statute, a creditor may accept a check that the debtor sends as a full settlement offer without agreeing that the check represents a full payment. To do so, the creditor need only strike out or otherwise delete the "payment in full" language on the check. This statute changed the common law rule requiring the creditor to "take it or leave it" when offered a check bearing conspicuous "payment in full" language. (Cf. Potter v. Pacific Coast Lumber Co. (1951) 37 Cal.2d 592, 597, 234 P.2d 16 and In re Van Buren Plaza (Bkrtcy.C.D.Cal.1996) 200 B.R. 384, 386.)
In 1992, however, the Legislature enacted California Uniform Commercial Code section 3311, which provides in pertinent part:
"(a) If a person against whom a claim is asserted proves that (1) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (2) the amount of the claim was unliquidated or subject to a bona fide dispute, and (3) the claimant obtained payment of the instrument, the following subdivisions apply.
"(b) Unless subdivision (c) applies, the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim."
In comment 3 to this section, the drafters acknowledge that the statute purposely codifies the common law rule "based on a belief that the common law rule produces a fair result and that informal dispute resolution by full satisfaction checks should be encouraged." (Official Comments on U. Com.Code, 23A pt. 2 West's Ann. Cal. U. Com.Code (2002 ed.) foll. § 3311, p. 385.)
Appellant's opening brief referred to neither of the above statutes, arguing instead that reversal is compelled by California Uniform Commercial Code section 1207. This argument is meritless because section 1207, by its terms, "does not apply to an accord and satisfaction."[3]
Respondent's brief does not mention California Uniform Commercial Code section 3311, but does cite to Civil Code section 1526. Respondent argues appellant cannot take advantage of section 1526's election to treat a "full payment" check as partial payment only, because appellant's "partial payment" notation on the reverse of the check does not constitute "otherwise deleting" the "full and final payment" language on the front of that check as required by the statute.
Independently, this court identified the potential applicability of California Uniform Commercial Code section 3311 to this case. Therefore, we offered the parties an *776 opportunity to provide supplemental briefing on the question of which statute governs. (Gov.Code, § 68081.) In particular, we invited comment on the reasoning of Directors Guild of America v. Harmony Pictures, Inc. (C.D.Cal.1998) 32 F.Supp.2d 1184, which held California Uniform Commercial Code section 3311 superseded Civil Code section 1526 because the two were irreconcilable and the Commercial Code section was enacted later. (Directors Guild, supra, 32 F.Supp.2d at p. 1192, citing L.A. Police Protective League v. City of Los Angeles (1994) 27 Cal.App.4th 168, 179, 32 Cal.Rptr.2d 574.)
Both parties accepted our invitation to submit supplemental briefs. Appellant argued we should reject Directors Guild because it is not binding precedent, and the California Uniform Commercial Code should not be applied because this is a noncommercial transaction. Respondent offered no analysis of either statute, contending the judgment must be affirmed regardless of which statute applies.
Contrary to appellant's assertion, we find California Uniform Commercial Code section 3311 is applicable here, because article 3 of the California Uniform Commercial Code "applies to negotiable instruments." (U.Com.Code, § 3102, subd. (a).) Checks are negotiable instruments (Cal.U.Com.Code, § 3104), and respondent paid with a check. Civil Code section 1526 is also applicable, because it governs transactions, such as the transaction here, in which a debtor tenders a check in full payment of a disputed claim. The statutes conflict, however, because under Civil Code section 1526 the creditor can "opt out" of an accord and satisfaction while still accepting the check as partial payment but California Uniform Commercial Code section 3311 offers no such choice.
This statutory conflict has been noted by a number of commentators. (See 3 Witkin, Summary of Cal. Law (2001 supp.) Negotiable Instruments, § 196, p. 231; Hull & Sharma, Satisfaction Not Guaranteed: California's Conflicting Law on the Use of Accord and Satisfaction Checks (1999) 33 Loyola L.A. L.Rev. 1; Casey, Full Payment Condition Checks: California Statutory Conflict (1998) 20 T. Jefferson L.Rev. 97.) The weight of the commentary reaches the same conclusion as the court in Directors Guild, namely, that the two statutes cannot be harmonized, and therefore, California Uniform Commercial Code section 3311, having been enacted most recently, controls.
We agree, and therefore we apply California Uniform Commercial Code section 3311 to evaluate whether the court correctly gave judgment to respondent. In undertaking this analysis, we read the record in the light most favorable to the judgment below. (County of Sacramento v. Lackner (1979) 97 Cal.App.3d 576, 591, 159 Cal.Rptr. 1.) That is, we "`"must view the evidence in a light most favorable to respondent and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence."'" (People v. Rayford (1994) 9 Cal.4th 1, 23, 36 Cal.Rptr.2d 317, 884 P.2d 1369.)
Viewed in this light, the record contains substantial evidence of an accord and satisfaction under California Uniform Commercial Code section 3311.[4] It was *777 undisputed that a bona fide dispute existed as to the amount respondent owed appellant for property damage and loss of use (Cal.U.Com.Code, § 3311, subd. (a)(2)). Respondent's witness, insurance adjuster Clark, testified that during telephone discussions with appellant, he obtained appellant's agreement to a settlement figure and, in reliance upon that agreement, mailed him the check for the settlement amount. Thus, the check was tendered in good faith. (Id., § 3311, subd. (a)(1).) Appellant cashed the check. (Id., § 3311 subd. (a)(3).) The check bore conspicuous statements indicating it was tendered in full and final satisfaction of the claim. (Id., § 3311, subd. (b).) The statute was therefore satisfied and the court correctly found an accord and satisfaction had been reached.[5]

DISPOSITION
The judgment is affirmed.
NOTES
[1] During trial, counsel for defendants moved for dismissal. The court granted the dismissal as to the chief executive officer. Appellant did not challenge that dismissal in his opening brief and therefore the propriety of the ruling is not before us on this appeal.
[2] The record shows that the "27" refers to $27.
[3] California Uniform Commercial Code, section 1207, which deals with performance or acceptance under reservation of rights, reads in full:

"(a) A party who, with explicit reservation of rights, performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as `without prejudice', `under protest' or the like are sufficient.
(b) Subdivision (a) does not apply to an accord and satisfaction." (Italics added.)
[4] Although the record does not indicate that the court considered California Uniform Commercial Code section 3311 in making its finding that the parties had reached an accord and satisfaction, we review results, not reasoning. "`[A] ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason. If right upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion.'" (D'Amico v. Board of Medical Examiners (1974) 11 Cal.3d 1, 19, 112 Cal.Rptr. 786, 520 P.2d 10.) Moreover, even if Civil Code section 1526 had not been superseded, so that it controlled here, we would affirm the trial court's judgment. When statutory language is clear and unambiguous there is no need for construction and courts should not indulge in it. (In re Waters of Long Valley Creek Stream System (1979) 25 Cal.3d 339, 348, 158 Cal.Rptr. 350, 599 P.2d 656.) The plain statutory language of Civil Code section 1526 requires "striking out" or "otherwise deleting" the full and final payment language in order to opt out of an accord and satisfaction. Appellant did neither. Rather, he added language. Therefore, he did not satisfy the statute's requirements.
[5] Subdivision (c) of California Uniform Commercial Code section 3311 provides exceptions to an accord and satisfaction being created by mere acceptance of a check (e.g., if a check is cashed inadvertently) but nothing in the record suggests that the exceptions apply.