[No. B017945. Second Dist., Div. Four. July 3, 1986.]

STERNWEST CORPORATION, Plaintiff and Respondent, v.
JOSEPH ASH, Defendant and Appellant.

---

## COUNSEL

Charrow & Slee, Dennis Slee and Stanley M. Clark for Defendant and Appellant.

Mark S. Novak and Craig Weinstein for Plaintiff and Respondent.

---

## OPINION

**KINGSLEY, J.**—This present appeal is the latest piece of litigation in a longstanding lawsuit wherein, in 1980, plaintiff originally sued defendant Eugene Cvetkov who was found liable to the plaintiff for work in connection with certain gold owned by the plaintiff. In that action the present appellant, Ash, and others were joined as defendants on the theory that they were partners of the principal defendant and equally liable with him. After long and complicated litigation, Ash was found not liable to the plaintiff and was dismissed from the action and was found entitled to attorney's fees under section 1717 of the Civil Code.

After a hearing, the trial court decided that the normal attorney's fees in Los Angeles County were $120 per hour and awarded appellant a recovery under section 1717 based on the hours found to have been devoted by his counsel in his defense in this action, but denied defendant's request that such recovery for hours expended—referred to in the record as the "lodestar"

recovery—should be enhanced because of the "novelty and difficulty of the case" and because of the long delay in calculating and paying the amount of recovery by Ash because of the work of his attorneys. We conclude that the trial court erred in both respects and, therefore, reverse its order with directions.

## I

■ The trial court denied enhancement of "lodestar fees" because it concluded that such enhancement could be awarded only in cases involving a so-called private attorneys general where the attorney's services were devoted to maintaining a public interest. In so concluding, the trial court was wrong since the trial court has discretion to grant the kind of enhancement here sought. (*Vella* v. *Hudgins* (1984) 151 Cal.App.3d 515 [198 Cal.Rptr. 725].) It is true, as respondent argued, that the trial court has a wide discretion in making an award under Civil Code section 1717. But here it is clear that the denial of enhancement was not a matter of discretion, but of the trial court's erroneous view of its power. The case is, therefore, remanded to the trial court with directions to enhance the lodestar award by such factor (two, three, four or otherwise) that the court, in its discretion shall deem proper.

## II

■ The matter of interest depends on a different footing. In denying interest on the attorney's fees, the court stated in its minute order: "2. As to the claim for interest on the attorney fees, the Court, in the exercise of its discretion, denies interest even if it has authority to award same, cf. Alhambra etc. v. Bloodgood 137 C.A.3d 29 (allowing interest on attorney fees awarded pursuant to authorizing payment of attorney fees). In the instant case, interest would be difficult, if not impossible, to calculate since the fees were incurred over a period of several years in varying amounts." We regard that statement in the minutes as a finding by the trial court that interest should be awarded.

As a matter of fact, appellant's opening brief points out computation of interest on the attorney's fees involves only simple arithmetic. It is the duty of the trial court to determine a *rate* of interest involved, and apply that rate to the period of delay. Appellant's opening brief suggests two methods for determining the period of delay. In the present case, we regard, as the fairest period to select, the period from the filing of the appellant's claim for attorney's fees and the date of computation of the award. A litigant can scarcely be expected to pay Civil Code section 1717 fees until an appropriate demand is made on him. If a claimant is delayed in filing a claim due to conduct of the obligor, that amount of delay should be considered in de-

termining the factor above discussed. In the present case that requires two arithmetical computations, since appellant made two claims and the court determined the "lodestar fees" on two different claims, one adjudicated in the order of November 11, and the second one, adjudicating the "lodestar fee" for sixteen subsequent hours.

The interest, computed at the rate of interest selected by the trial court, should, under the terms of section 1717, be awarded to plaintiff in addition to the "lodestar fees" enhanced because of the difficulty of the case and as provided in section 1717. That total figure should be added to appellant's normal costs of appeal and other items normally included in a judgment.

### III

Section 1717 provides for the payment of a "reasonable" fee. After the trial court has performed the calculations above discussed, it shall consider whether the total award so calculated under all of the circumstances of the case is more than a reasonable amount and, if so, shall reduce the section 1717 award so that it is a reasonable figure. The total judgment, as so entered, will, of course, bear interest at the statutory rate of 10 percent until paid. (Code Civ. Proc., § 685.010.)

The judgment appealed from is reversed and case is remanded to the trial court for further proceedings consistent with this opinion.

Woods, P. J., and McClosky, J., concurred.

A petition for a rehearing was denied July 22, 1986.