[No. A117110. First Dist., Div. Five. May 30, 2008.]

ERIC W. LIEN, Plaintiff, Cross-defendant and Respondent, v.
LUCKY UNITED PROPERTIES INVESTMENT, INC., et al., Defendants,
Cross-complainants and Appellants.

**COUNSEL**

Law Offices of Mattaniah Eytan and Mattaniah Eytan for Defendants, Cross-complainants and Appellants.

Sam Walker for Plaintiff, Cross-defendant and Respondent.

**OPINION**

**SIMONS, J.**—In July 2006, Eric W. Lien (Lien) filed a malicious prosecution action against appellants Lucky United Properties Investment, Inc., and Chin Teh Shih (also known as Jessie Woo), as trustee for the Woo Family 2000 Trust. In January 2007, appellants responded by filing a cross-complaint, also for malicious prosecution, against Lien, Pi-Cheng Yen (Yen), and their attorney, Albert Lee. The competing claims grew out of a lawsuit originally filed in 1999, involving a dispute over the purchase of real property

in San Francisco.[1] Lien successfully filed an anti-SLAPP (strategic lawsuit against public participation) motion to strike appellant's cross-complaint (Code Civ. Proc., § 425.16), and appellant appeals that ruling. In the published portion of our opinion we reject appellant's contention that, under *DuPont Merck Pharmaceutical Co. v. Superior Court* (2000) 78 Cal.App.4th 562 [92 Cal.Rptr.2d 755] (*DuPont*), the trial court erred by failing to issue a statement of decision supporting its order granting the anti-SLAPP motion. In the unpublished portion, we reject appellant's other contentions.

## BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

I., II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III. *Statement of Decision*

Appellants argue that the trial court erred in refusing to issue a statement of decision, and this error requires reversal. We disagree.

■ Code of Civil Procedure section 632 states that, "upon the *trial* of a question of fact," the court must issue "a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial upon the request of any party." (Italics added.) The requirement of a written statement of decision generally does not apply to an order on a motion, even if the motion involves an evidentiary hearing and even if the

---

[1] The facts relevant to the underlying dispute are set out in considerable detail in our unpublished opinion, *Woo v. Lien* (Oct. 2, 2002, A094960), and we will not repeat them in full here.

*See footnote, *ante*, page 620.

order is appealable. (*In re Marriage of Askmo* (2000) 85 Cal.App.4th 1032, 1040 [102 Cal.Rptr.2d 662].)

Appellants rely on *DuPont, supra*, 78 Cal.App.4th 562 to argue that a statement of decision must accompany an order granting an anti-SLAPP motion. In *DuPont*, the court held that the defendant drug manufacturer's alleged false statements in its advertising and public relations efforts constituted acts in furtherance of the defendant's right of petition or free speech in connection with a public issue, and therefore the first prong of the anti-SLAPP statute had been satisfied. The court further held that, because the trial court had erroneously concluded the first prong of the statute had not been met, remand was necessary to allow the court to determine whether the second prong of the statute had been satisfied, that is, whether the plaintiffs had established a probability of prevailing. (*DuPont*, at pp. 565–568.) In the introduction to its opinion, the court stated that if the trial court's determination on remand "results in a judgment striking the complaint, [it] should be supported by a statement of decision." (*Id.* at p. 564.)

■ We have reservations about *DuPont*'s imposition of a requirement for a statement of decision when a trial court grants an anti-SLAPP motion. First, the anti-SLAPP statute, Code of Civil Procedure section 425.16, contains no such requirement. In addition, *DuPont* did not cite any authority for departing from the general rule that a statement of decision does not apply to an order on a motion, and did not repeat this requirement in the disposition. (*DuPont, supra*, 78 Cal.App.4th at pp. 564, 569.) Further, the court's statement is dicta that has not been adopted by any subsequent case.

■ Courts have created exceptions to the general rule limiting statements of decision to trials. An examination of these cases is instructive. "In determining whether an exception should be created, the courts balance ' "(1) the importance of the issues at stake in the proceeding, including the significance of the rights affected and the magnitude of the potential adverse effect on those rights; and (2) whether appellate review can be effectively accomplished even in the absence of express findings." [Citation.]' [Citation.]" (*In re Marriage of Askmo, supra*, 85 Cal.App.4th at p. 1040.) In *Gruendl v. Oewel Partnership, Inc.* (1997) 55 Cal.App.4th 654, 660–662 [64 Cal.Rptr.2d 217], for example, the court held that a statement of decision is required following a motion to amend judgment to add a judgment debtor on an alter ego theory. The court reasoned that important interests were at stake,

as the motion would impose liability on an individual "for a substantial monetary judgment upon the trial of a case in which [the individual] was neither named nor served as a defendant." (*Id.* at p. 661.) The court further reasoned that in resolving the motion, the court "necessarily 'tried' . . . issues of fact" related to the alter ego theory, and noted that the absence of factual findings had made review problematic. (*Ibid.*) Courts have also created an exception for proceedings involving the custody of minors. (*In re Rose G.* (1976) 57 Cal.App.3d 406, 418 [129 Cal.Rptr. 338] ["[i]n custody-of-minors proceedings, the issues at stake are of such tremendous consequences that findings of fact and conclusions of law as required by section 632 of the Code of Civil Procedure must be considered applicable even though the proceeding is denominated a 'special proceeding' "].)

Anti-SLAPP motions often place important interests at stake, but they are distinguishable from those motions that have been declared exceptions to the general rule recited in section 632 of the Code of Civil Procedure. Although the court considers evidentiary submissions in deciding an anti-SLAPP motion, it does not "try" issues of fact. (*Zamos v. Stroud* (2004) 32 Cal.4th 958, 965 [12 Cal.Rptr.3d 54, 87 P.3d 802].) In deciding the motion, "the court does not *weigh* the credibility or comparative probative strength of competing evidence," but instead "should grant the motion if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim." (*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821 [123 Cal.Rptr.2d 19, 50 P.3d 733]; accord, *Zamos*, at p. 965.) Furthermore, the absence of factual findings has not precluded effective review. These factors weigh heavily against creating the exception sought by appellants, and we decline to depart from the general rule that a statement of decision is not required for an order on a motion.

In any event, appellants fail to explain why the order issued by the trial court is inadequate. After the hearing, the trial court issued a one-page written order stating that appellants had not shown a likelihood of success on the merits on either cause of action for malicious prosecution and set forth its reasons for so concluding. In addition, the court stated in the order that Woo's "request for a *further* statement of decision is denied." Thus, although the document is entitled an "order," it is apparent that the court considered this document to be a statement of decision and had concluded no further statement of decision was required. Appellants never argue that this statement of decision was inadequate, and we decline to find it so.

## DISPOSITION

The order granting the motion to strike is affirmed. Lien is entitled to his costs on appeal.

Jones, P. J., and Needham, J., concurred.