[No. A124965. First Dist., Div. Five. May 28, 2010.]

LUCKY UNITED PROPERTIES INVESTMENT, INC., et al.,
Cross-complainants and Respondents, v.
ALBERT LEE, Cross-defendant and Appellant.

**COUNSEL**

Kessler & Seecof and Benjamin R. Seecof for Cross-defendant and Appellant.

Law Offices of Mattaniah Eytan and Mattaniah Eytan for Cross-complainants and Respondents.

OPINION

**NEEDHAM, J.**—Albert Lee (Lee) appeals from an order that granted respondents' motion to compel Lee to acknowledge the satisfaction of a prior order for attorney fees and costs (Code Civ. Proc., § 724.050) and denied in part Lee's motion for other attorney fees and costs incurred in the proceeding.[1] The appeal reflects the complexities that can arise when a party who prevailed on an anti-SLAPP (strategic lawsuit against public participation) motion to strike (§ 425.16) exercises his right to seek attorney fees and costs in connection with the motion, successfully defends against the opposing parties' appeals, and attempts to enforce the judgment against opponents who pay some of the amounts awarded but refuse to pay other amounts. We will reverse the order, but not entirely for the reasons Lee asserts.

### I. Facts and Procedural History

The underlying lawsuit, filed back in 1999, arose out of a contract dispute over the purchase of real property in San Francisco. The facts and procedural history are set forth in our unpublished opinion, *Woo v. Lien* (Oct. 2, 2002, A094960), and we need not belabor them here.

In July 2006, Eric Lien (Lien) initiated the instant case by filing a malicious prosecution complaint against Lucky United Properties Investment, Inc. (Lucky), Chin Teh Shih (also known as Jessie Woo) as trustee for the Woo Family 2000 Trust, and their attorney, Mattaniah Eytan.

Lucky and Shih (referred to collectively herein as Lucky) responded to Lien's complaint by filing a special motion to strike under the anti-SLAPP statute. (§ 425.16.) The trial court granted the motion.

Lucky also filed a cross-complaint for malicious prosecution against, inter alia, Lien and his attorney, Lee. In response, Lien filed a special motion to strike the cross-complaint under the anti-SLAPP statute (§ 425.16), which the trial court granted. Lucky appealed, and we affirmed the order in *Lien v. Lucky United Properties Investment, Inc.* (2008) 163 Cal.App.4th 620 [77 Cal.Rptr.3d 707].

Lee brought his own special motion to strike Lucky's cross-complaint, which the trial court granted as well. Lucky appealed (*Lucky United Properties Investment v. Lien* (June 16, 2008, A119134) [app. dism.]). During and after the pendency of *Lucky United Properties Investment, supra,*

---

[1] Except where otherwise indicated, all statutory references are to the Code of Civil Procedure.

A119134, Lee sought attorney fees or costs on a number of occasions, and it is from these efforts that the instant appeal arises.

### A. *Attorney Fees and Costs on Lee's Anti-SLAPP Motion to Strike*

First, Lee sought reimbursement for costs and attorney fees incurred in connection with his successful motion to strike Lucky's cross-complaint.

#### 1. *Lee's Cost Bill of $415 for Filing Anti-SLAPP Motion*

In July 2007, Lee filed and served a cost memorandum for $415, seeking to recover his filing and motion fees. The cost memorandum further indicated that a "motion will be filed," pertaining ostensibly to a motion for the attorney fees he incurred in regard to the anti-SLAPP motion.

Lucky did not contest the cost memorandum, but Lucky has never paid it.

#### 2. *November 6 Order for $26,407.50 Fees and Costs On Anti-SLAPP Motion*

On November 6, 2007, the court issued a written order awarding Lee $26,407.50 ($25,500 in attorney fees and costs of $907.50) against Lucky under section 425.16, subdivision (c), as the prevailing party in the anti-SLAPP motion to strike (November 6 Order).[2]

Lucky filed a notice of appeal from the November 6 Order of fees and costs (*Lucky United Properties Investment v. Lee* (Aug. 25, 2008, A120203) [nonpub. opn.]).

#### 3. *Lee's $424 Cost Memorandum for Enforcement Costs After Judgment*

When Lucky had not made any payments to Lee within a week after the November 6 Order, Lee prepared and recorded an abstract of judgment and filed notices of judgment lien on November 13, 2007. The next day, he filed a cost memorandum to recover $424 in costs: $89 associated with an abstract of judgment and judgment lien, and $335 in connection with the filing of a notice of lien in another proceeding in which Lucky was involved. Lucky did not file a motion to tax these costs.

---

[2] Presumably, the costs of $907.50 did not include the $415 in costs that were the subject of the July 2007 cost memorandum. This is at least how Lee characterized them, and Lucky does not argue to the contrary. We cannot tell for sure because the motion for fees and costs is not in the record.

#### 4. *Lucky's Payment Toward the November 6 Order*

On December 31, 2007, Lucky mailed to Lee a cashier's check for $26,819.90, as payment of the amount awarded by the November 6 Order. The cover letter stated that the cashier's check was "in a sum adequate to pay the award of fees and costs entered in [Lee's] favor on November 6, 2007," including "interest at ten percent (10%) per annum, calculated to and through January 2, 2008."

On January 22, 2008, Lee wrote to Lucky, asserting that Lucky's payment was insufficient. According to Lee, $27,246.44 in principal and interest was "required to fully satisfy the award" as of January 2, 2008, in light of the November 14, 2007 cost memorandum that had claimed $424 in costs.

### B. *Fees and Costs on Appeal A119134 on Merits of Motion to Strike*

Next, Lee sought to recover attorney fees and costs incurred in connection with Lucky's appeal from the order granting Lee's motion to strike (*Lucky United Properties Investment v. Lien, supra,* A119134). Lucky had abandoned the appeal, and we dismissed it on June 16, 2008. Our remittitur ordered that respondents (including Lee) were to recover costs on appeal.

#### 1. *$587.20 in Costs Pursuant to Memorandum of Costs on Appeal*

In July 2008, Lee filed in the trial court a memorandum of costs on appeal, claiming $587.20 in costs he incurred in *Lucky United Properties Investment v. Lien, supra,* A119134. Lee also indicated that he would seek attorney fees and costs under section 425.16 by separate motion.

Lucky filed a motion to tax the costs, challenging each item on the cost memorandum. The trial court denied Lucky's motion.

#### 2. *$33,830 for Attorney Fees and Costs Pursuant to Section 425.16—August 20 Order*

Lee apparently filed the referenced motion under section 425.16 for attorney fees and costs incurred in *Lucky United Properties Investment v. Lien, supra,* A119134, although the motion is not included in the record. Lucky opposed the motion but did not contest the tentative ruling awarding $33,830 to Lee.

By written order entered on August 20, 2008 (August 20 Order), the court granted Lee's motion and awarded Lee $33,830.[3] Lee filed and served notice of entry of the order that same day.

### 3. *Lucky's Tender of $33,830 Toward the August 20 Order*

On August 21, 2008, one day after the August 20 Order, Lucky mailed to Lee's attorney a cashier's check payable to Lee for $33,830, the amount awarded in the August 20 Order. In an accompanying letter, Lucky, through counsel, stated: "Please find enclosed payment of the award of fees in [superior court case No.] 454503, made by order signed in open court on August 20, 2008 in the above captioned action. The cashier's check for $33,830.00 is tendered in full and complete satisfaction of that award and may not be used for any other purpose or applied to any other account. By accepting that check, you will acknowledge full and complete satisfaction of the award."

Lee responded to Lucky on August 25, 2008, disputing the sufficiency of the payment as follows: "I have your August 21 letter (sent to [Lee's attorney] which delayed my receipt of your check). I disagree with the statements in your letter. Your $33,830.00 payment does not fully satisfy the August 20, 2008, fee award. Payments are first applied to interest and the remaining balance of the payment to principal. ([Code Civ. Proc., § 695.220, subds. (c) & (d)]; *Big Bear Properties, Inc. v. Gherman* (1979) 95 Cal.App.3d 908, 915 [157 Cal.Rptr. 443] [payments are first applied to accrued interest; payments reduce the principal judgment only after all accrued interest is paid].)" Lee thereafter deposited the cashier's check.

### C. *Costs on Appeal A120203 from November 6 Fees Order*

Lee also sought to recover attorney fees and costs incurred in Lucky's appeal from the November 6 Order. We had affirmed that order, which awarded Lee $25,500 in attorney fees (and $907.50 in costs) as the prevailing party on his anti-SLAPP motion, on August 25, 2008. (*Lucky United Properties Investment, Inc. v. Lee, supra*, A120203.)[4] Our remittitur issued on October 29, 2008, and indicated that Lee was entitled to costs on appeal.

### 1. *$400.68 in Costs by Memorandum of Costs on Appeal*

On or about October 28, 2008, Lee filed in the trial court a memorandum of costs on appeal, seeking $400.68 for costs incurred in the appeal. The

---

[3] Again, it is not clear from the record whether the $33,830 award included the $587.20 in costs that were the subject of his memorandum of costs, but Lee treats it as separate and Lucky does not object.

[4] It is unclear why Lucky purported to pay the November 6 Order on December 31, 2007, when his appeal of that order was pending until our decision on August 25, 2008.

memorandum indicated that an attorney fees motion would be filed pursuant to section 425.16, subdivision (c).

Lucky filed a motion to tax each item. The court denied Lucky's motion.

### 2. *Motion for Costs and Fees*

Lee sought recovery for attorney fees and costs in connection with the fee appeal, pursuant to section 425.16, subdivision (c), as part of his motion of December 2, 2008, discussed *ante*.

### D. *Lucky's Demand for Acknowledgement of Satisfaction of August 20 Order*

On November 13, 2008, Lucky sent Lee a "Demand for Acknowledgement Of Satisfaction Of Judgment" pursuant to section 724.050, identifying the August 20 Order as the "judgment." Lucky asserted that it became obligated to Lee for $33,830 pursuant to the August 20 Order, no notice of entry of the order was served, and the full amount of $33,830 was paid by the cashier's check that was sent to Lee on August 21, 2008. Lucky demanded that Lee file an acknowledgement of satisfaction of judgment with the court and deliver an acknowledgement of satisfaction of judgment to Lucky. In addition, Lucky's demand provided: "Important warning: If this judgment has been satisfied, the law requires that you comply with this demand not later than 15 days after you receive it. If a Court proceeding is necessary to compel you to comply with this demand, you will be required to pay Woo's reasonable attorney's fees in the proceeding if the Court determines that the judgment has been satisfied and that you failed to comply with the demand. In addition, if the Court determines that you failed without just cause to comply with this demand within the 15 days allowed, you will be liable for all damages which Woo sustains by reason of such failure, and you will also forfeit $100 to Woo."[5] (See §§ 724.050, 724.080.)

Lee, through counsel, rejected Lucky's demand by letter dated November 18, 2008. Lee's attorney explained that Lucky had not satisfied the amounts owed as set forth in counsel's letter of January 22, 2008, and Lee's letter of August 25, 2008 (i.e., because of the outstanding cost bills and accrued interest).

### E. *Lee's December 2 Motion for Additional Costs and Fees*

On December 2, 2008, Lee filed a motion for an order requiring Lucky to pay Lee attorney fees and costs up to and including the motion. He argued

---

[5] The references to "Woo" are understood by the parties to refer to respondents in this appeal, whom we (and the parties) now refer to collectively as "Lucky."

that Lucky already owed $1,485.11, based on Lee's calculation of the amounts previously awarded ($26,407.50 for the Nov. 6 Order plus $33,830 for the Aug. 20 Order), the interest that accrued on those amounts, and the cost bills he had filed ($415, $475.06, $587.20, and $400.68), less Lucky's payments.[6] Lee further sought recovery for his attorney fees incurred in enforcing the November 6 Order, his attorney fees incurred in regard to Lucky's appeal of the fee award, and his attorney fees incurred in successfully opposing Lucky's motion to tax appellate costs. In addition, Lee sought recovery for his attorney fees and $485 in costs incurred in preparing and filing the December 2 motion itself.

### F. Lucky's Motion for Satisfaction of Judgment (§ 724.050)

On or about December 10, 2008, Lucky in turn filed a motion for entry of full satisfaction of judgment under section 724.050, subdivision (d), again asserting that the "judgment" was the August 20 Order. Lucky did not contend that it had paid the full amount of the obligation arising from the August 20 Order, but that there had been an accord and satisfaction under California Uniform Commercial Code section 3311 by his tender of the cashier's check for $33,830. Lucky also sought an award of attorney fees and costs incurred in connection with his motion for satisfaction of judgment, as well as imposition of a $100 statutory penalty against Lee for failing to acknowledge satisfaction of the August 20 Order.

### G. Hearing and Order on the Motions

During a hearing on both motions, the court called a recess and encouraged the parties to work out their differences. At the end of the hearing, the court again asked the parties to attempt to settle their dispute and, if they could not, to submit proposed orders. Lucky and Lee each submitted a proposed order.

By written order filed February 6, 2009, the court granted Lee's motion in part, denied it in part, and granted Lucky's motion, resulting in a net recovery for Lucky in the amount of $413.93. As relevant to this appeal, the court: (1) disallowed a portion of Lee's costs that he had claimed in the November 14, 2007 cost memorandum on the ground they were for costs incurred in another case, even though Lucky had not timely filed an objection to the cost memorandum (§ 685.070); (2) denied Lee's motion for attorney fees incurred in enforcing the November 6 Order, on the ground that the November 6 Order was fully satisfied before Lee filed his December 2 motion to recover the fees (§ 685.080, subd. (a)); and (3) granted Lucky's motion for an order

---

[6] Lee's recitation of the amounts he was already awarded or entitled to by operation of law led Lucky to challenge some of the amounts—for the first time—when it opposed the motion.

compelling Lee to acknowledge satisfaction of the August 20 Order on the ground there was an accord and satisfaction of the August 20 Order under California Uniform Commercial Code section 3311—in this regard, the court also imposed the $100 penalty against Lee and awarded Lucky $9,510 in attorney fees and costs for prevailing on that motion (§§ 724.050, 724.080).

The trial court concluded its order with the following: "The Court expects this Order to finally conclude this matter and does not anticipate awarding more attorney fees to either side in this matter."

This appeal followed.

## II. *Discussion*

Lee contends the court erred in denying recovery for attorney fees he incurred in preparing an abstract of judgment and judgment liens (§ 685.040); denying a portion of his costs after judgment (§ 685.070); and granting Lucky's motion to certify the satisfaction of the August 20 Order regarding attorney fees and costs (§§ 724.050, 724.080). The record and briefing on these issues suggest it would be helpful to begin our analysis with a brief overview of judgments, costs, interest, and the enforcement and satisfaction of judgments.

### A. *Preliminary Principles*

Critical to understanding the interplay between judgments, costs, attorney fees, and interest, is the determination of what exactly constitutes the judgment.

### 1. *Judgment*

■ "A judgment is the final determination of the rights of the parties in an action or proceeding." (§ 577.) There may be, in some circumstances, judgments for or against one or more of several plaintiffs or defendants in a single case (§ 578), but there is always one judgment that determines the rights of any one particular party or parties (Lucky) vis-à-vis another party on the other side of the pleadings (Lee).

In the matter before us, there is no document in the record entitled "Judgment." However, the order granting Lee's anti-SLAPP motion to strike states: "The Cross-Complaint For Damages For Malicious Prosecution is hereby stricken and cross-defendant Lee is hereby dismissed with prejudice. [¶] IT IS SO ORDERED ADJUDGED AND DECREED." A written order of dismissal signed by the court constitutes a judgment and is effective for all

purposes. (§ 581d; *Cohen v. Hughes Markets, Inc.* (1995) 36 Cal.App.4th 1693, 1695, fn. 1 [43 Cal.Rptr.2d 66].) For purposes of this appeal, the judgment is the order dismissing Lee from the case.[7]

■ We also note that the order of dismissal does not specifically provide that Lee shall recover attorney fees and costs. This recitation is unnecessary, however, since attorney fees and costs are awarded to the prevailing party on an anti-SLAPP motion to strike as a matter of law, pursuant to section 425.16, subdivision (c). (See also §§ 1032, 1033.5.)

### 2. *Amount of the Judgment*

■ The principal amount of a judgment is the amount of any damages awarded, plus any costs (including attorney fees) to which the prevailing party may be entitled, less any amounts paid by the judgment debtor. (§ 680.300.) Postjudgment interest accrues on the principal amount of the judgment at the rate of 10 percent per annum. (§ 685.010.) How the costs are added to the judgment, and how interest is calculated, turns on the manner in which those costs were imposed or the purpose for which the costs were incurred.

*Prejudgment Costs to Prevailing Party.* As a general rule, the prevailing party may recover certain statutory costs incurred in the litigation up to and including entry of judgment. (§§ 1032, 1033.5.) These costs may include attorney fees, if authorized by contract, statute (such as the anti-SLAPP statute) or law. (§ 1033.5, subd. (a)(10).) Most costs are obtained by filing a cost memorandum, although attorney fees require a separate noticed motion. (§ 1033.5, subd. (c); Cal. Rules of Court, rule 3.1702.) Where costs are established by the judgment, but the amount of the award is ascertained at a later time, the court clerk enters the costs on the judgment after the amount is determined. (Cal. Rules of Court, rule 3.1700(b)(4); *Bankes v. Lucas* (1992) 9 Cal.App.4th 365, 369 [11 Cal.Rptr.2d 723].) In other words, the amount of the cost award is incorporated into the judgment.

■ Interest at the rate of 10 percent per annum accrues on the unpaid principal amount of the judgment (§ 685.010), including the amount of the

---

[7] We therefore have jurisdiction to entertain the appeal. (§ 904.1, subd. (a)(2); see *Melbostad v. Fisher* (2008) 165 Cal.App.4th 987, 992–997 [81 Cal.Rptr.3d 354] [order granting or denying attorney fees after entry of an order granting an anti-SLAPP motion to strike, and dismissing the pleading with prejudice, is appealable as an order after judgment]; *McCall v. Four Star Music Co.* (1996) 51 Cal.App.4th 1394, 1398 [59 Cal.Rptr.2d 829] [order granting a motion to enter satisfaction of a previously entered judgment is appealable]; *Kajima Engineering and Construction, Inc. v. Pacific Bell* (2002) 103 Cal.App.4th 1397, 1402 [127 Cal.Rptr.2d 464] [order granting a motion to tax costs after judgment is appealable].)

cost award and attorney fees award (§ 680.300), as of the date of judgment entry (§ 685.020, subd. (a)). Therefore, interest ordinarily begins to accrue on the prejudgment cost and attorney fees portion of the judgment as of the same time it begins to accrue on all other monetary portions of the judgment—upon entry of judgment. (See *Sternwest Corp. v. Ash* (1986) 183 Cal.App.3d 74, 76–77 [227 Cal.Rptr. 804] [once attorney fee award is determined by the trial court, it is added to the judgment, and the total judgment bears statutory postjudgment interest until paid].)

■ *Postjudgment Enforcement Costs.* In addition to attorney fees and costs imposed as a result of prevailing in the action, postjudgment costs of enforcing the judgment may also be recovered. Some costs, such as fees incurred in regard to abstracts of judgment or notice of judgment liens, may be claimed as a matter of right under section 685.070. Other enforcement expenses incurred by a judgment creditor are recoverable if, upon noticed motion, the court determines they were reasonable and necessary costs of enforcing a judgment. (§ 685.040; see *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1141 & fn. 6 [104 Cal.Rptr.2d 377, 17 P.3d 735] (*Ketchum*) [attorney fees incurred in regard to previous award of fees under anti-SLAPP statute are recoverable under § 685.040]; *Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi* (2006) 141 Cal.App.4th 15, 22–23 [45 Cal.Rptr.3d 633] (*Wanland*) [expenses of enforcing anti-SLAPP attorney fees award are recoverable under § 685.040].)

When postjudgment enforcement costs are allowed, they become part of the principal amount of the judgment. (§§ 685.070, subd. (d), 685.090, subd. (a); *David S. Karton, A Law Corp. v. Dougherty* (2009) 171 Cal.App.4th 133, 147 [89 Cal.Rptr.3d 506] (*David S. Karton*).) Therefore, interest accrues upon those costs at the rate of 10 percent per annum. (§ 685.010, subd. (a).)

■ *Appellate Court Order of Costs on Appeal.* If an appeal is taken from the judgment, the party prevailing in the Court of Appeal is usually entitled to costs on appeal. (Cal. Rules of Court, rule 8.278.) The award of costs is included in the remittitur, although the amount of the award is determined in the trial court. (Cal. Rules of Court, rule 8.278(b)(1), (c).) These costs, however, are not added to the trial court judgment, but constitute a separate judgment. (*Los Angeles Unified School Dist. v. Wilshire Center Marketplace* (2001) 89 Cal.App.4th 1413, 1419 [108 Cal.Rptr.2d 691] (*Los Angeles Unified School Dist.*); see Cal. Rules of Court, rule 8.278(b)(1), (c)(3).) Interest thereon begins to run from the date of the entry of the trial court's award. (See *Dalzell v. Kelly* (1952) 115 Cal.App.2d 60, 62–63 [251 P.2d 343] [costs awarded on appeal by appellate court bear interest from the date of taxing costs or expiration of time for taxing].)

*Trial Court Order of Costs on Appeal.* A party may also obtain an award of costs, including attorney fees, if it has successfully defended on appeal the trial court's grant of its anti-SLAPP motion to strike. (*Wilkerson v. Sullivan* (2002) 99 Cal.App.4th 443, 448 [121 Cal.Rptr.2d 275]; *Evans v. Unkow* (1995) 38 Cal.App.4th 1490, 1499–1500 [45 Cal.Rptr.2d 624].) It is not entirely clear whether such an award should be incorporated into the original judgment (since it is imposed by statute rather than by the Court of Appeal, determined in the trial court, and intended to protect the defendant who succeeded in the trial court on the motion to strike) or should constitute an independent judgment (since it pertains to costs incurred solely in the appellate court). (See *Carpenter v. Jack in the Box Corp.* (2007) 151 Cal.App.4th 454, 461 [59 Cal.Rptr.3d 839] [award of attorney fees and costs under § 425.16, subd. (c), does not depend on Court of Appeal making any award]; cf. *Los Angeles Unified School Dist., supra,* 89 Cal.App.4th at p. 1419 [costs on appeal awarded pursuant to § 1268.720, at the discretion of the appellate court, did not affect the finality of the underlying judgment].) Although in this case Lee obtained awards of attorney fees and costs for expenses incurred on appeal, we need not (and do not) decide this issue in order to resolve the appeal.

### 3. *Allocation of Payments on Judgment*

Payment on a judgment is allocated first to accrued interest on the principal amount, and then to the principal. (*Big Bear Properties, Inc. v. Gherman, supra,* 95 Cal.App.3d 908 at p. 915 (*Big Bear*); see § 695.220.)

### 4. *Satisfaction of Judgment*

The amount required to satisfy a money judgment[8] is the total amount of the judgment, plus costs added after judgment (including attorney fees), plus accrued interest on the judgment, less payments and any amounts no longer enforceable. (§ 695.210.) Alternatively, a money judgment will be deemed satisfied if there is an agreement by the parties that a tendered amount is sufficient. (§ 724.010, subd. (a) ["A money judgment may be satisfied by payment of the full amount required to satisfy the judgment or by acceptance by the judgment creditor of a lesser sum in full satisfaction of the judgment."].)

When a money judgment is satisfied in full, the judgment creditor must immediately file with the court an acknowledgement of the satisfaction

---

[8] A " '[m]oney judgment' means that part of a judgment that requires the payment of money." (§ 680.270.) Therefore, where costs (including attorney fees) are incorporated into a judgment of dismissal, the judgment becomes to that extent a money judgment. (See Ahart, Cal. Practice Guide: Enforcing Judgments and Debts (The Rutter Group 2009) ¶¶ 6:1774 to 6:1778.1, pp. 6I-15 to 6I-16 (rev. # 1, 2009).)

of the judgment. (§ 724.030.) If an abstract of judgment has been recorded, the judgment creditor must serve an acknowledgement on the debtor as well. (§ 724.040.) The judgment debtor may serve a demand on the judgment creditor to comply with these requirements, and if the judgment creditor fails to do so within 15 days of receipt of the demand, the judgment debtor may file a noticed motion with the court to require the judgment creditor's compliance. (§ 724.050, subds. (b), (d).) If the judgment creditor failed to comply with the demand without just cause, the judgment creditor is liable to the judgment debtor for damages and a statutory penalty of $100. (§ 724.050, subd. (e).) In addition, the court "shall award reasonable attorney's fees to the prevailing party." (§ 724.080.)

With this overview in mind, we turn to the issues raised in this appeal.

 B. *Lee's Request for Attorney Fees Incurred to Enforce the November 6 Order*

Lee's motion of December 2, 2008, sought an order requiring Lucky to pay Lee for, among other things, the attorney fees Lee incurred in preparing and filing an abstract of judgment and notices of judgment lien in November 2007. The trial court denied Lee's request on the ground that Lucky had fully paid the amounts due under the November 6 Order before Lee brought his motion. The court erred.

 1. *Background*

■ Section 685.040 entitles a judgment creditor to reasonable and necessary costs of enforcing a judgment. By the terms of the statute, attorney fees may be recovered under section 685.040 to the extent otherwise authorized by law. Attorney fees incurred to enforce payment of fees and costs awarded under section 425.16, subdivision (c), are recoverable under section 685.040. (*Ketchum, supra*, 24 Cal.4th at p. 1141 & fn. 6; *Wanland, supra*, 141 Cal.App.4th at pp. 22–23; see also *Globalist Internet Technologies, Inc. v. Reda* (2008) 167 Cal.App.4th 1267, 1274–1276 [84 Cal.Rptr.3d 725] [attorney fees incurred in enforcing judgment, or defending its validity against a challenge in another forum, recoverable under § 685.040].)[9]

---

[9] Section 685.040 reads in part: "Attorney's fees incurred in enforcing a judgment are not included in costs collectible under this title unless otherwise provided by law. Attorney's fees incurred in enforcing a judgment are included as costs collectible under this title *if the underlying judgment includes an award of attorney's fees to the judgment creditor pursuant to subparagraph (A) of paragraph (10) of subdivision (a) of Section 1033.5.*" (Italics added.) Subdivision (a)(10)(A) of section 1033.5 pertains to attorney fees authorized by *contract*. Here, the judgment (that is, the order of dismissal) did not expressly include an award of attorney fees to Lee, let alone pursuant to a contract. However, the fact that the fees were not awarded pursuant to a contract is apparently immaterial. (*Ketchum, supra*, 24 Cal.4th at p. 1141 &

However, costs and attorney fees sought under section 685.040 must be pursued by noticed motion within the timeframe set forth by section 685.080, subdivision (a), which provides in part: "The judgment creditor may claim costs authorized by Section 685.040 by noticed motion. *The motion shall be made before the judgment is satisfied in full,* but not later than two years after the costs have been incurred." (Italics added.)

In the trial court, Lucky argued that Lee could not recover his attorney fees because the *November 6 Order* (as opposed to the judgment in the case) was fully paid pursuant to a California Uniform Commercial Code section 3311 accord and satisfaction. Although the trial court did not rely on the accord and satisfaction argument, it found that Lucky had actually paid in full the November 6 Order (an argument Lucky now embraces) before Lee brought his December 2 motion, and Lee therefore could not recover his requested attorney fees.[10]

Taking the bait, Lee contends in this appeal that the trial court erred because the November 6 Order was *not* paid in full. He argues: Lucky did not pay the $424 costs set forth in the November 14 cost bill; those costs were incurred in enforcing the November 6 Order; and the November 6 Order cannot be deemed paid in full unless Lucky also pays the costs incurred to enforce it.

The trial court erred, but our focus is not upon the reason Lee asserts. Rather, Lee is entitled to recover for his attorney fees because, regardless of whether Lucky had paid in full the amounts owing due to the November 6 Order, the *judgment* in the case had not been "satisfied in full" by the time of Lee's motion. (§ 685.080, subd. (a).)

## 2. *Analysis*

A motion for attorney fees incurred in enforcing a judgment must be filed before the "judgment is satisfied in full." (§ 685.080, subd. (a).) The judgment in this case is the order of dismissal. (§ 581d.) At the time the judgment was entered, the costs and fees to which Lee was entitled as the prevailing party had not been ascertained. (§§ 1032, 1033.5, 425.16,

---

fn. 6.) Also immaterial is the fact that the order did not expressly include an award of attorney fees to Lee, since such fees are authorized as a matter of law by section 425.16, subdivision (c). Neither party has addressed these points or asserted error in this regard.

[10] The trial court stated: "WOO opposes this request on the ground that, pursuant to Code of Civil Procedure § 685.080(a) LEE was required to file his fee motion before WOO had already fully paid the award of November 6, 2007; and WOO had in fact paid the full amount of that award long before LEE's present motion for fees, on December 30, 2007, with daily interest calculated to and through January 2, 2008."

subd. (c).) When Lucky did not timely file a motion to tax the $415 in costs claimed in Lee's cost memorandum of July 12, 2007, those costs were incorporated as a matter of law into the judgment. (Cal. Rules of Court, rule 3.1700(b)(4).) On November 6, 2007, when the court awarded the $26,407.50 in attorney fees and costs Lee incurred in prevailing on the anti-SLAPP motion to strike pursuant to section 425.16, subdivision (c), that amount was added to the judgment as well. (See Cal. Rules of Court, rule 3.1700(b); § 1033.5, subd. (a)(10).) When Lucky did not timely file a motion to tax the $424 in enforcement costs claimed in Lee's cost memorandum of November 14, 2007, those costs were also incorporated into the judgment. (§§ 685.070, subd. (d), 685.090, subds. (a), (b).) Therefore, when Lucky mailed a $26,819.90 payment to Lee on December 31, 2007, the principal amount of the judgment was $27,246.50 (i.e., not including accrued interest that would also have to be paid in order to satisfy the judgment). Lucky's payment of $26,819.90 had not satisfied the judgment.

 On August 20, 2008, the court awarded Lee $33,830 for attorney fees and costs incurred in successfully defending against Lucky's appeal of the grant of the anti-SLAPP motion to strike. Lucky paid $33,830. Either the August 20 Order should be considered an independent judgment for costs incurred on appeal (and thus has no bearing on whether Lucky had satisfied the original judgment), or should be added to the original judgment. Either way, Lucky still had not paid the original judgment in full, despite his payment of $33,830.[11]

Therefore, by the time Lee filed his motion in December 2008, for "reasonable [Code of Civil Procedure] sections 425.16(c), 685.040 and 685.080 attorneys' fees and costs incurred up through the hearing of this motion," including the attorney fees incurred in filing the abstract of judgment and notice of judgment liens, Lucky had not fully satisfied the judgment. Recovery was not barred by the time limits of section 685.080.

### 3. The November 6 Order Is Not the "Judgment" Under Section 685.080

Lucky's contention that the November 6 Order constituted the "judgment" for purposes of defining the time by which Lee's motion had to be filed under

---

[11] Lee also filed a $587.20 cost bill for costs on appeal from the order granting the anti-SLAPP motion to strike, and a $400.68 cost bill for costs on appeal from the November 6 Order granting Lee attorney fees and costs; the trial court denied Lucky's motions to tax those costs. We will assume that these cost bills gave rise to separate judgments for $587.20 and $400.68. (*Los Angeles Unified School Dist., supra,* 89 Cal.App.4th at p. 1419.) Even if they too were incorporated into the original judgment, Lucky's payment of those amounts would not have resulted in the judgment being satisfied in full.

section 685.080 is incorrect. His arguments are, essentially, that (1) Lee pursued enforcement procedures after the November 6 Order was issued and for the amount it awarded, so Lee was really enforcing the November 6 Order; (2) an order can sometimes be appealed or enforced as if it were a "judgment;" and (3) each cost or fee award a court issues must constitute a separate obligation. None of these points has merit here.

Lucky argues that Lee treated the November 6 Order as a separate obligation by filing a notice of lien and abstract of judgment only in the amount awarded by the November 6 Order, rather than for that amount plus costs. His theory appears to be that, since Lee was only seeking to enforce the November 6 Order, he would have had to file his motion for the fees incurred in that enforcement before the November 6 Order was satisfied, not before the judgment was satisfied.

The argument is meritless. In the first place, the trial court's written order makes no factual finding that Lee incurred the enforcement costs solely to enforce the November 6 Order, and there is little evidence to support such a finding. The $424 cost bill pertaining to his enforcement of the November 6 Order was not filed until November 14, 2007, a day *after* he filed the abstract of judgment. The absence of any reference to this cost bill in the abstract of judgment therefore has no bearing on what Lee was trying to enforce. Nor does it bear on the amount that was required to satisfy the November 6 Order or, more importantly, the judgment.

The only cost bill Lee had filed by the time he filed the abstract of judgment was the July cost bill, pertaining to prejudgment filing fees as the prevailing party on the motion to strike. (§ 1032.) Lee's omission of these costs from the abstract of judgment neither establishes that Lee waived his right to recover the $415 set forth in his unopposed July cost bill nor changes the amount actually due under the judgment as a matter of law.

Moreover, to the extent it might be construed that Lee *was* trying to use the abstract of judgment and judgment liens to enforce only the November 6 Order, rather than the entirety of the judgment, it does not change the language of section 685.080 that precludes the award of attorney fees only if "the *judgment* is satisfied *in full.*" (§ 685.080, subd. (a), italics added.) In other words, even if there was substantial evidence that Lee was trying to enforce only the amounts awarded in the November 6 Order as a factual matter, it does not follow as a legal matter of statutory construction that the motion to recoup his attorney fees had to be filed before satisfaction of the November 6 Order rather than before satisfaction of the "judgment."

While California's Enforcement of Judgments Law (EJL; § 680.010 et seq.) provides that the word "judgment" means "a judgment, order, or decree entered

in a court of this state" (§ 680.230), litigants do not have license to substitute the word "order" everywhere the word "judgment" appears in the EJL, regardless of the circumstances or statutory intent. The ostensible purpose of the broad definition of "judgment" in section 680.230 is to permit an order awarding fees to be enforced under the EJL where there is *no* judgment. (See, e.g., *Newland v. Superior Court* (1995) 40 Cal.App.4th 608, 615 [47 Cal.Rptr.2d 24] [prejudgment orders for monetary sanctions enforceable under EJL]; *Jones v. Otero* (1984) 156 Cal.App.3d 754, 759 [203 Cal.Rptr. 90] [same].) Indeed, the Law Revision Commission comment to section 680.230 explains: "Section 680.230 is new and it continues the effect of former Section 1007 (order enforceable *as* judgment)." (Cal. Law Revision Com. com., Deering's Ann. Code Civ. Proc. (1998 ed.) foll. § 680.230, p. 138, italics added.) In the matter before us, by contrast, there *is* a judgment in the case, which permits Lee to collect the amounts Lucky owes him.

Furthermore, the statutory purpose of requiring that the motion for enforcement costs be brought "before the judgment is satisfied in full" (§ 685.080, subd. (a)) is to avoid a situation where a judgment debtor has paid off the entirety of what he believes to be his obligation in the entire case, only to be confronted later with a motion for yet more fees. (See *Carnes v. Zamani* (9th Cir. 2007) 488 F.3d 1057, 1060 [motion for attorney fees barred by § 685.080 where motion was filed *after a "Full Satisfaction of Judgment" had been filed*].) Certainly that concern does not arise here, where Lucky had undisputedly refused to pay amounts owing under cost bills and, by at least those amounts, where he owed more under the judgment.

Lucky's remaining arguments also fail to establish that Lee was required to file his motion before the November 6 Order was satisfied. Lucky points out that postjudgment awards of fees and costs are separately appealable. However, the fact that a postjudgment award of fees and costs may be appealed as a postjudgment order (§ 904.1, subd. (a)(2)) does not *make it* a judgment, let alone the "judgment" to be "satisfied in full" within the meaning of section 685.080.

Lucky further argues that each of the awards of costs or fees "stands on its own and creates a separate obligation that may be separately enforced and paid." Lucky offers no legal authority for this position, and we find it unpersuasive. First, it is contrary to the rules of court and statutes of this state, which provide that postjudgment awards for costs and fees incurred up to and including judgment are *incorporated into* the judgment (Cal. Rules of Court, rule 3.1700(b)), and postjudgment awards of costs and fees incurred to enforce or defend the judgment are *incorporated into* the judgment (§ 685.090, subds. (a), (b)). Second, the rule Lucky suggests would be problematic. A judgment creditor may have to file a number of separate cost bills and

motions for fees, because the rights to such costs and fees arise at different times in the course of postjudgment proceedings, and those rights would be waived if recovery were not timely sought. (§§ 664.5, 685.070.) If, as here, the judgment debtor refuses to pay, the judgment creditor would have to issue numerous abstracts of judgment and writs of execution, which would increase the cost and burden of recovering the amounts to which the judgment creditor was entitled. Third, even if Lucky were right that each cost and fee award was to be enforced separately, it still would not necessarily follow that a motion to enforce any of those costs would have to be filed before the award was satisfied, as opposed to before the *"judgment* is satisfied *in full."* (§ 685.080, subd. (a), italics added.)

Lucky also contends that it had a right under Civil Code section 1479 to select which debt to satisfy by its payment, and it paid $26,819.90 to satisfy the amount awarded under the November 6 Order, plus accrued interest. We discuss Lucky's reliance on Civil Code section 1479 *post*. For now, suffice it to say that any right Lucky had to target his payment to the November 6 Order does not change the fact that Lucky had not fully satisfied the *judgment* by the time Lee filed his motion to recover his enforcement costs.

Because the judgment was not fully satisfied by the time Lee brought his motion for attorney fees incurred in connection with the abstract of judgment and lien notices, the trial court erred in denying recovery for those fees on that ground.[12]

### C. *Lee's Memorandum of Costs*

In November 2007, Lee filed and served a cost memorandum to recover costs under section 685.070. In part, Lee sought $89 for recording a judgment lien and an abstract of judgment. The balance of the cost bill was $335 for the cost of "filing notice of lien (#305809)." Lucky did not object to the cost memorandum within the 10-day period permitted by section 685.070.

In opposition to Lee's December 2008 motion, however, Lucky argued that the $335 constituted Lee's first appearance fee in *Woo v. Lien* (Super. Ct. S.F. County, 2005, No. 305809) (a case in which Lucky was entitled to certain sums), and payment of that fee was unnecessary and not compensable under section 685.070.

---

[12] If the November 6 Order was, in fact, a separate obligation that Lee tried to enforce, and if the November 6 Order should be considered the "judgment" for purposes of section 685.080 such that Lee's motion had to be filed before the November 6 Order was satisfied in full, we would agree with Lee that this "judgment" could not be satisfied unless the costs to enforce the November 6 Order had been paid, since the costs of enforcing a "judgment" are incorporated as a matter of law into that "judgment." (§§ 685.070, subd. (d), 685.090, subd. (a).)

In response, Lee explained that in order to perfect a judgment lien over the proceeds that Lucky claims in *Woo v. Lien, supra,* No. 305809, Lee was required to pay the $335 filing fee so that the clerk would accept his notice of lien.

The trial court ruled: "The first appearance fee claimed by LEE is, indeed, not covered by Code of Civil Procedure § 685.070; LEE may indeed be entitled to collect funds by assertion of his claim in Case No. 305809. There are no authorities on point that either party has called to the Court's attention. The request is unreasonable. LEE contends, however, WOO had only 10 days under Code of Civil Procedure 685.070(c) and (d) to file a motion to tax costs and did not do so; hence, the objection is time barred. There is no showing as to how this limit was determined, and the Court is troubled by LEE's haste in incurring such a first appearance charge without so much as giving WOO a day's opportunity after notice to pay the award."

The trial court erred. Subdivision (c) of section 685.070 reads: "Within 10 days after the memorandum of costs is served on the judgment debtor, the judgment debtor may apply to the court on noticed motion to have the costs taxed by the court. . . . The court shall make an order allowing or disallowing the costs to the extent justified under the circumstances of the case." Subdivision (d) of section 685.070 provides: "If no motion to tax costs is made within the time provided in subdivision (c), the costs claimed in the memorandum *are allowed.*" (Italics added; see *David S. Karton, supra,* 171 Cal.App.4th at p. 147.) There are no exceptions to this rule, and the language of subdivision (d) is mandatory.

Lucky defends the action of the trial court by referring us to *Sanai v. Saltz* (2009) 170 Cal.App.4th 746 [88 Cal.Rptr.3d 673]. There, the court considered the argument that a trial court lost jurisdiction to strike a cost memorandum filed under section 685.070 where no motion to tax was filed within the 10-day period, and the costs could be challenged only by a motion for a new trial or for relief from the judgment. The court responded that, "[w]hatever merit this analysis may have as an abstract proposition," the judgment in *Sanai* had not even been entered by the time the motion to tax would have been due, *and* the cost memorandum sought items wholly outside the scope of sections 685.040 and 685.070. (*Sanai,* at pp. 781–782, fn. 25.) The appellate court ruled that the trial court could properly grant the motion to strike the memorandum of costs. (*Id.* at pp. 779–782.)

*Sanai* is distinguishable from the matter at hand. Here, the judgment *had* been entered before Lee filed the memorandum of costs. Whether or not the $335 item was proper under section 685.070, it *was* within the scope of potentially recoverable enforcement costs under section 685.040. Moreover,

in *Sanai*, the party opposing the costs had *filed a motion* to strike. Here, Lucky never filed any motion of any kind to strike, tax, or otherwise challenge the $335 cost item. His arguments regarding the item arose only after Lee had mentioned the November 2007 cost bill in explaining the amounts Lucky had failed to pay as of the time of Lee's December 2008 motion; Lee had not put the propriety of the cost bill at issue in his motion, and Lucky filed no motion to place the issue before the court either.

### D. *Lucky's Section 724.050 Motion for Satisfaction of the August 20 Order*

Under section 724.050, subdivision (d), a judgment debtor may apply to the court by noticed motion for an order requiring the judgment creditor to comply with a demand to file and deliver an acknowledgement of satisfaction of judgment. The judgment creditor will be liable to the judgment debtor for damages and forfeit $100 to the judgment debtor if the judgment creditor failed to comply with the judgment debtor's demand without just cause. (§ 724.050, subd. (e).) In addition, the court "shall award reasonable attorney's fees to the prevailing party." (§ 724.080.)

Lucky sought an order under this section in regard to the August 20 Order, requesting as well the $100 fine, attorney fees, and costs. The court granted Lucky's motion, ordered that Lee issue a satisfaction of judgment, imposed the $100 fine, and awarded Lucky $9,510 for attorney fees and costs. Lee argues that the court erred, because Lucky failed to demonstrate that the August 20 Order was satisfied.

### 1. *Application of Section 724.050 to the August 20 Order*

In its motion to compel certification that a judgment was satisfied, Lucky directed its motion to the August 20 Order only: "The Judgment satisfied by payment tendered the next day is the above-captioned Court's August 20, 2008 award of $33,830.00 in fees and costs."

We question whether section 724.050 could be used to obtain certification that the August 20 Order, by itself, was satisfied. The August 20 Order was not the judgment in the case, but a postjudgment order issued by the trial court under section 425.16, subdivision (c), for Lee's costs and attorney fees incurred on appeal. However, because the parties do not dispute in this appeal the application of section 724.050 to the August 20 Order, we will assume, for purposes of this appeal, that the August 20 Order may be the subject of a motion under section 724.050.

## 2. *Satisfaction of the August 20 Order.*

As mentioned, a money judgment is satisfied if it is either paid in full or there is, for example, an accord and satisfaction. (§ 724.010, subd. (a).) In the trial court, Lucky argued that the August 20 Order was the subject of an accord and satisfaction.[13]

To obtain an accord and satisfaction under California Uniform Commercial Code section 3311, a debtor must prove that: "(1) [the debtor] in good faith tendered an instrument to the claimant as full satisfaction of the claim, (2) the amount of the claim was unliquidated or subject to a bona fide dispute, and (3) the claimant obtained payment of the instrument . . . ."[14] (Cal. U. Com. Code, § 3311, subd. (a).) If the debtor further proves that he accompanied the tender with a conspicuous statement that the amount was tendered as full satisfaction of the claim, and if the claimant does not prove that he tendered repayment of the amount within 90 days, the debt is discharged. (Cal. U. Com. Code, § 3311, subds. (b), (c).)

The trial court concluded that Lee entered into an accord and satisfaction in regard to the August 20 Order because Lee kept Lucky's $33,830 payment notwithstanding Lucky's condition that retention of the funds would constitute a satisfaction of the debt. The court did not make a finding as to whether Lucky's tender of the funds was a good faith attempt to resolve a bona fide dispute over the amount due, but for purposes of review we will assume that the findings are implicit in the court's ruling.

Lee argues that Lucky failed to prove that (1) his attempt at an accord and satisfaction was made in good faith, and (2) the amount of the claim was unliquidated or subject to a bona fide dispute. We review for substantial evidence. (See *Woolridge v. J.F.L. Electric, Inc., supra*, 97 Cal.App.4th at p. Supp. 60.)

### a. *Good faith*

Lucky did not argue explicitly in the trial court that its attempt at an accord and satisfaction was made in good faith. Nor did Lee object to Lucky's

---

[13] Lucky did not satisfy the August 20 Order by actually paying it in full. Interest on the $33,830 award began to accrue from no later than the date of entry on August 20, 2008. (See *Sternwest Corp. v. Ash, supra*, 183 Cal.App.3d at pp. 76–77.) Lucky mailed a cashier's check for $33,830 on August 21, 2008, and Lee received it personally by August 25, 2008. Even if the tender was effective as of the date of mailing, one day of interest had accrued and the $33,830 did not satisfy the entire sum due under the August 20 Order.

[14] The parties agree that California Uniform Commercial Code section 3311 applies to determine whether there was an accord and satisfaction in regard to the August 20 Order. (See *Woolridge v. J.F.L. Electric, Inc.* (2002) 96 Cal.App.4th Supp. 52, 57–60 [117 Cal.Rptr.2d 771].)

motion on this ground. In response to Lee's arguments in his opening brief on appeal, Lucky asserts that it acted in good faith, urging that it made the tender due to its concern that Lee would file an abstract of judgment and Lee was disputing the amount that was owed. Lucky does not support these assertions with any citation to the record, and we find nothing in the record to support them.

Nonetheless, a trial court might be able to infer the good faith of a debtor's tender from the nature of the debtor's attempt to resolve some dispute the parties had over the amount that was due. We therefore turn to that issue.

### b. *Amount unliquidated or subject to bona fide dispute*

Lucky had to prove that the amount of the debt represented by the August 20 Order was unliquidated or subject to a bona fide dispute. Lucky does not contend that the amount was unliquidated, so we consider whether there was a bona fide dispute.

We find no substantial evidence to support the conclusion that Lucky tendered the $33,830 in order to resolve a bona fide dispute over the amount owing under the August 20 Order. There is no direct evidence that the parties disputed what Lucky owed in regard to the August 20 Order when Lucky tendered the cashier's check, or even that they discussed the issue until *after* Lucky tendered the money.

In its motion papers in the trial court, Lucky never asserted that the parties had any dispute over what was required to pay off the August 20 Order. Instead, Lucky argued that the parties had disputed whether the *November 6 Order* could be discharged without payment of the July 2007 and November 2007 cost memoranda, and Lucky therefore wanted to specifically *direct* his payment to the August 20 Order alone under Civil Code section 1479.[15] (See Civ. Code, § 1479 [pertaining to application of debtor's payment where debtor owes multiple obligations to the creditor].) Even if one could speculate that the parties might eventually dispute whether Lucky could direct its

---

[15] In its moving papers, Lucky asserted: "Woo and Lee have an unresolved dispute between them relating to a cashier's check payment by Woo on December 31, 2007 . . . to Lee concerning a prior fee award that this Court had granted Lee by order entered on November 6, 2007 . . . . Woo had paid that award as to the principal sum awarded by the Court, both for fees and costs, and had then calculated interest from the date of entry to the date of payment. . . . [Lee's attorney] rejected Woo's proposition that payment in full had been accomplished thereby and claimed that an additional several hundred dollars was due pursuant to a July 13, 2007 cost memorandum . . . and a subsequent cost memorandum filed November 14, 2007 . . . . Thus, when Lee obtained a second and different award by virtue of the August 20, 2008 award . . . , Woo wanted to be very specific and very certain that he was discharging that obligation and not another obligation of Lee's choosing."

payment solely to the August 20 Order, there is no evidence of any such dispute when Lucky sent its cashier's check. Moreover, even if there had been a dispute over whether Lucky's check could be credited against the August 20 Order alone, it was not a dispute over the *amount* of the August 20 Order that Lucky was purporting to pay. Because Lucky did not show "the amount of the claim was unliquidated or subject to a bona fide dispute" (Cal. U. Com. Code, § 3311, subd. (a)), Lucky did not prove an accord and satisfaction.

Nor could Lucky morph its Civil Code section 1479 argument into a claim that it wanted to direct its payment to the principal portion of the debt arising from the August 20 Order, as opposed to the portion attributable to the interest that had accrued on the August 20 Order. Not only is there no evidence suggesting Lucky actually had this in mind when it sent the check, there is no evidence the parties disputed whether Lucky could direct its payment to the principal rather than to the accrued interest, or whether payment of the principal would be sufficient to satisfy the August 20 Order without payment of accrued interest.

Indeed, there is no evidence of any quibble over the need to pay interest to satisfy the debt created by the August 20 Order. In its moving papers in the trial court, Lucky did not assert that it sent the money to resolve a dispute over whether interest was accruing, or over the amount of interest that had accrued. Lucky's moving papers actually suggested the contrary, since Lucky noted that in attempting to pay the November 6 Order, it had paid the principal sum and "had then calculated interest from the date of entry to the date of payment." The fact that Lucky had paid interest on the November 6 Order suggests it did not dispute having to pay interest on the August 20 Order as well.[16]

Moreover, even if Lucky had created a dispute concerning whether it could target its payment toward the principal portion of the debt arising under the August 20 Order rather than the interest portion, the dispute would not be a *bona fide* dispute as required for an accord and satisfaction. As a matter of law, Lucky could not target its payment to the principal portion of the August

---

[16] In its reply brief in the trial court, Lucky addressed the issue of interest: "Lee claims that, in addition to the amount of the award, Woo had to pay interest for the time the cashier's check was in the mail. The truth, of course, is that Woo paid so fast that Lee never even filed proof of service of notice of entry of the order. It is hard to imagine that interest started to accrue even before the party was given notice of entry." Contrary to Lucky's representation, Lee *had* filed a proof of service of notice of entry of the August 20 Order, on the day the August 20 Order was entered. Furthermore, whether it was "hard to imagine" or not, as a matter of law interest *had* accrued from the date of entry of the order. In any event, even in this reference to interest Lucky failed to establish that there was any dispute over whether interest had to be paid to satisfy the August 20 Order.

20 Order as opposed to the interest. Satisfaction of a money judgment—which Lucky must contend the August 20 Order is in light of its motion for satisfaction of judgment under section 724.050—requires payment of accrued interest as well as the principal amount.[17] (§ 695.210.) When a judgment debtor makes a payment, the payment is credited first toward accrued postjudgment interest and then to the principal. (§ 695.220; *Big Bear, supra,* 95 Cal.App.3d at p. 915.) Civil Code section 1479 does nothing to change this. (*Big Bear,* at pp. 915–916 [Civ. Code, § 1479 did not permit debtor to apply payment first to principal portion of judgment and then to postjudgment interest].)

Lucky also argues that Lee's rejection of its tender of the $33,830 demonstrated a good faith dispute as to the amount Lucky had to pay to achieve satisfaction. This, of course, is insufficient for an accord and satisfaction. The point of the accord and satisfaction is to resolve a dispute that existed by the time the debtor *tendered* the money, not after it was received by the creditor. Similarly, the parties now dispute the amount of interest that accrued on the August 20 Order, when Lucky put the cashier's check in the mail on August 21, Lee received it on August 25, and Lee's attorney received it somewhere in between. There is no evidence, however, that the $33,830 check was tendered in order to resolve that dispute. Nor does it seem in good faith to resolve a dispute over the number of days' interest owing by sending a check for an amount that includes *no* interest at all.

The trial court erred in granting Lucky's motion for satisfaction of judgment under section 724.050. To that extent, the order must be reversed, along with the $100 penalty imposed under section 724.050 and the award of $9,510 in attorney fees and costs under section 724.080. In addition, the matter must be remanded for a determination of the amount of attorney fees and costs Lee may recover from Lucky, as the prevailing party on Lucky's motion, pursuant to section 724.080.

Lastly, we note that the trial court awarded Lee $4,860 out of the $22,303.75 Lee had requested for attorney fees and costs incurred in connection with his December 2008 motion, "in view of the limited success of [the] motion." Because we reverse the court's order as set forth herein, we remand for the further purpose of the trial court's reconsideration of the attorney fees and costs that Lee should recover in connection with his December 2008 motion.

---

[17] Even on this issue we find Lucky's arguments inconsistent. Lucky argues that section 695.210 does not apply here because the section "relates only to money judgments and is therefore inapplicable on its face." If the August 20 Order is not a money judgment, however, then there is further reason to conclude that the trial court erred in granting Lucky's motion, since section 724.050 pertains only to satisfaction of money judgments. (§ 724.050, subd. (a).)

### III. *Disposition*

The "Order Following Hearing on Cross-Motions," filed in the trial court on February 6, 2009, is reversed as to the $2,100 in attorney fees appellant sought in connection with the enforcement items set forth in his November 2006 memorandum of costs (item 1(A) of the order), the $335 item of costs set forth in his November 2006 memorandum of costs (in item 1(I) of the order), and respondents' motion for satisfaction of judgment (item 2 of the order). In addition, we vacate those portions of the order pertaining to appellant's attorney fees and costs incurred in bringing his motion (item 1(F) of the order) and the offset of the awards (item 3 of the order). The matter is remanded for further proceedings as set forth in this opinion and consistent with applicable law. (E.g., § 425.16, subd. (c).) Appellant shall recover his costs on appeal.

Jones, P. J., and Simons, J., concurred.

A petition for a rehearing was denied June 28, 2010, and the opinion was modified to read as printed above.