Filed 3/3/14  Karnazes v. Hartford CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ELIZABETH KARNAZES,<br><br>    Cross-Complainant and Respondent,<br><br>v.<br><br>JOHN HARTFORD,<br><br>    Cross-Defendant and Appellant. | A136400<br><br>(San Mateo County<br>Super. Ct. No. CIV458258)<br><br>ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING [NO CHANGE IN JUDGMENT] |

BY THE COURT:

The opinion filed herein on February 10, 2014 is modified by deleting footnote 2.

This modification does not effect a change in the judgment.

Appellant's petition for rehearing is denied.


Date: _____                    _____ P.J.

1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ELIZABETH KARNAZES,<br><br>        Cross-Complainant and Respondent,<br><br>v.<br><br>JOHN HARTFORD,<br><br>        Cross-Defendant and Appellant. | A136400<br><br>(San Mateo County<br>Super. Ct. No. CIV458258) |

A party obtains a judgment that includes a statutory award of costs and attorney fees of slightly more than $21,000.  In the ensuing 31 months, that party claims to have incurred almost 15 times that amount—more than $300,000—in attorney fees attempting to enforce the judgment.  The issue presented is whether sections 685.040 and 685.070 of the Code of Civil Procedure[1] authorize that party to claim these additional fees simply by filing a supplementary memorandum of costs with the clerk of the court, or can the court require the party to file a noticed motion in order that the court can review the validity and amount of the fees claimed.  We agree with the trial court that a noticed motion is required.  Indeed, to accede to the judgment creditors: construction of sections 685.040 and 685.070 would create the unique anomaly of a judgment debtor being liable, at least in theory, for unlimited amounts of attorney fees that are never required to undergo judicial inspection to determine if the fees are both reasonable and necessarily incurred in

---

[1] Statutory references are to the Code of Civil Procedure unless otherwise indicated.

1

enforcing the judgment. This would be an absurd consequence we cannot believe was contemplated, much less intended, by the Legislature.

## BACKGROUND

At all relevant times, Elizabeth Karnazes and John Hartford were attorneys, and for a considerable number of years appear to have practiced together. Their parting of the ways was in no sense amicable. The courts became their battleground, and the judges of San Mateo County the most unwilling observers of their repeated campaigns of scorched earth litigation tactics. This appeal deals with the aftermath of one of those many actions.

After it granted Hartford's special motion to strike Karnazes's cross-complaint, the trial court granted his motion for the award of costs and attorney fees guaranteed him by the SLAPP statute (§ 425.16, subd. (c)). The amount of the award was $21,143.37, and the order was filed on September 28, 2009.

In April of the following year, after denial of Karnazes's motions to vacate the judgment dismissing her cross-complaint and the cost order,[2] Hartford filed his Memorandum of Costs After Judgment for almost $128,000. Extraordinarily, $126,607.50 of the amount claimed represented attorney fees "allowed by . . . § 685.040" that were incurred for the period "9/29/09 - now." In December 2010 Hartford applied for, and obtained, ministerial renewal of the judgment, as augmented to include interest and the amount of the cost bill.

Beginning that same month, and extending to May 2012, Karnazes responded with a series of motions seeking "an order taxing costs in this action in their entirety and striking the Renewal of Judgment." Meanwhile, by April 2012, costs claimed by Hartford in another memorandum of costs after judgment had ballooned to $307,667.12 with the addition of $178,034,62 of claimed newly-incurred attorney fees.

After hearing extensive argument, the trial court (The Honorable V. Raymond Swope) filed two orders that are the subject of this appeal. The first order, entitled

---

[2] This information is taken from the register of actions obtained from the website of the trial court. Hartford failed to include the register in his appellant's appendix as required by California Rules of Court, rules 8.122(b)(F), 8.124(b)(1)(A).

"Order Denying Motion To Vacate Renewals Of Judgment . . . and Motion To Tax Attorney's Fees And Costs," provided in pertinent part:

"Defendant Elizabeth Karnazes' Motion to Vacate Renewals of Judgment . . . and to Tax Attorney's Fees and Costs is denied. Ms. Karnazes' Motion to Strike or Tax Mr. Hartford's Memorandum of Costs was not properly filed within the ten-day window provided in . . . § 685.070(c). [¶] The Court rejects Ms. Karnazes' contention that it is sufficient simply to file a Notice of Motion before the deadline, unsupported by any papers . . . . Accordingly, Ms. Karnazes' Motion to Tax is untimely . . . .

"However, the Court is not convinced that the attorney's fees claimed in Mr. Hartford's April 30, 2012 Memorandum of Costs should be automatically added to and incorporated into the judgment by mandatory operation of law, as he argues. If Mr. Hartford seeks to recover those fees, the Court requests that a noticed motion be filed pursuant to . . . § 685.080."

The second order, which has no title, reiterates much of what is in the first order, as well as providing further evidence of the court's reasoning. It provided in pertinent part:

"(1) Defendant Elizabeth Karnazes' Motion to Strike Renewal of Judgment is granted.

"(2) The Court . . . notes that Mr. Hartford's Memorandum of Costs After Judgment was filed and served on April 30, 2010. Ms. Karnazes failed to bring a noticed motion to strike or tax costs within the ten-day limit pursuant to . . . § 685.070(c). Mr. Hartford subsequently obtained a Renewal of Judgment in the amount of $158,067.22 on December 15, 2010, which included the claimed $126,607.50 in attorney's fees listed on his Memorandum of Costs. Ms. Karnazes did not properly or timely file a motion to strike the Renewal of Judgment. . . .

"(3) Nevertheless, the Court vacates the Renewal of Judgment, dated December 15, 2010, on the ground that the amount of the renewed judgment as entered is incorrect. . . . § 683.170. The court that rendered the judgment may act on its own motion to vacate or set it aside, where the judgment is void on its face. . . ."

3

**REVIEW**

This appeal revolves around the interplay of three statutes.

"The judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment. Attorney's fees incurred in enforcing a judgment are not included as costs collectible under this title unless otherwise provided by law. Attorney's fees incurred in enforcing a judgment are included as costs collectible under this title if the underlying judgment includes an award of attorney's fees to the judgment creditor pursuant to subparagraph (A) of paragraph (10) of subdivision (a) of Section 1033.5." (§ 685.040.)

"(a) The judgment creditor may claim under this section the following costs of enforcing a judgment: [¶] . . . [¶] (6) Attorney fees, if allowed by section 685.040. [¶] (b) Before the judgment is fully satisfied but not later than two years after the costs have been incurred, the judgment creditor claiming costs under this section shall file a memorandum of costs with the court clerk and serve a copy on the judgment debtor. . . . The memorandum of costs shall be executed under oath by a person who has knowledge of the facts and shall state that to the person's best knowledge and belief the costs are correct, are reasonable and necessary and have not been satisfied. [¶] (c) Within 10 days after the memorandum of costs is served on the judgment debtor, the judgment debtor may apply to the court on noticed motion to have the costs taxed by the court . . . The court shall make an order allowing or disallowing the costs to the extent justified under the circumstances of the case. [¶] (d) If no motion to tax costs is made within the time provided in subdivision (c) [i.e., ten days], the costs claimed in the memorandum are allowed. . . . " (§ 685.070.)

"(a) The judgment creditor may claim costs authorized by Section 685.040 by noticed motion. The motion shall be made before the judgment is satisfied in full, but not later than two years after the costs have been incurred. The costs claimed under this section may include, but are not limited to, costs that may be claimed under Section 685.070 . . . [¶] (b) The notice of motion shall describe the costs claimed, shall state their amount, and shall be supported by an affidavit of a person who has knowledge of the

4

facts stating that to the person's best knowledge and belief the costs are correct, are reasonable and necessary, and have not been satisfied. . . . [¶] (c) The court shall make an order allowing or disallowing the costs to the extent justified under the circumstances of the case." (§ 685.080.)

Hartford's position has at all times been completely straightforward. He reasons: (1) he is a judgment creditor, who has incurred costs in the unsuccessful effort to satisfy the judgment he obtained against Karnazes. Thus (2), he is within the plain language of section 685.070, subdivision (b). (3) Because his right to attorney fees is statutory (§ 425.16, subd. (c)), such fees incurred in attempting to enforce the judgment are a collectible cost under section 685.040. (Citing *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1141, fn.6[3].) (4) Hartford claimed those costs with his two memoranda of costs, as expressly allowed by section 685.070, subdivision (b). He could have claimed his enforcement costs by a noticed motion, as permitted by section 685.080, subdivision (a), but he was not required to do so. Hartford's position is unpersuasive.

As noted above, section 685.070, the statute relied on by Hartford, provides that a judgment creditor may "claim under this section . . . (6) Attorney fees, *if allowed by section 685.040.*" (Italics added.) Section 685.040 provides that "[a]ttorney's fees incurred in enforcing a judgment are included as costs collectible under this title if the underlying judgment includes an award of attorney's fees to the judgment creditor pursuant to subparagraph (A) of paragraph (10) of subdivision (a) of Section 1033.5."

---

[3] The footnote merits quotation in full: "Ketchum also asserts that Code of Civil Procedure section 685.040 precludes an award of 'collection' fees. He is incorrect. The statute provides that attorney fees incurred in enforcement efforts 'are not included in costs collectible under this title unless otherwise provided by law.' Under its provisions, a litigant is entitled to costs for successfully enforcing a judgment is entitled to costs, but not attorney fees *unless there is some other legal basis for such an award.* Unless otherwise provided by law because Code of Civil Procedure section 425.16, subdivision (c) provides a legal right to attorney fees, they are a permissible item of costs. (See also *Downey Cares v. Downey Community Development Com.* [(1987)] 196 Cal.App.3d [983,] 997-998 [court may award attorney fees, including a fee enhancement, for all time spent, including on fee-related issues].)"

5

And the cited provision states: "(a) The following items are allowable as costs . . . : [¶] . . . [¶] (10) Attorney's fees when authorized by any of the following: [¶] (A) Contract." (§ 1033.5.)

As noted above, the basis of Hartford's attorney fees here is section 425.16. It is statutory, not contractual. It is thus not within section 685.040. Therefore section 685.070 simply does not apply.

As also noted, part of Harford's argument is grounded on a footnote in *Ketchum v. Moses, supra,* 24 Cal.4th 1122, which footnote we quoted in its entirety. The fees sought in *Ketchum,* however, were based on section 425.16, not section 685.070, so *Ketchum* has no application here. And to the extent the footnote mentions section 685.040, it is dictum—dictum, we would conclude, that would not be applicable here, especially as it would ignore the judicial perspective on cost issues.

Our Supreme Court recently reiterated that "provisions allowing the recovery of costs historically have been strictly construed," and are also examined in light of the practicality of different interpretations. (*Rossa v. D.L. Falk Construction, Inc*. (2012) 53 Cal.4th 387, 395-397.) And if none of the statutes expressly states that a judgment creditor must file a noticed motion, there is also none expressly stating that a court must accept whatever figure is claimed on a cost bill. This, for us, is the crucial consideration.

California courts often refer to themselves as "gatekeepers" or performing a "gatekeeping function," a description used in a variety of contexts. Examples include preventing a jury from being exposed to speculative or unreliable expert testimony (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 770, 781); regulating the disclosure of certain types of information (*People v. Superior Court* (*Humberto S*.) (2008) 43 Cal.4th 737, 751 [subpoenas for privileged third party discovery]; *Townsel v. Superior Court* (1999) 20 Cal.4th 1084, 1095 [information about former jurors]); and monitoring certain types of pleadings and claims. (*People v. Mentch* (2008) 45 Cal.4th 274, 290 ["trial courts are still responsible for acting as gatekeepers and determining whether the evidence" in a criminal trial "could establish an affirmative defense"]; *Murphy v. Check 'n Go of California, Inc*. (2007) 156 Cal.App.4th 138, 145

[court "is the proper gatekeeper to determine unconscionability" of arbitration agreement]; *Aquino v. Superior Court* (1993) 21 Cal.App.4th 847, 855-856 [court performs "gatekeeping function" in deciding whether to allow filing of pleading claiming punitive damages against health care provider].)  With respect to the specific claim of a default judgment, this court has joined others in maintaining that "in such situation 'it is the duty of the court to act as gatekeeper, ensuring that only the appropriate claims get through.' " (*Fasuyi v. Permatex, Inc*. (2008) 167 Cal.App.4th 681, 691.)

While we need not decide the issue, it may be that the simple declaration required by subdivision (b) of section 685.070 might suffice to establish an enforceable claim for attorney fees based on a fee award based on *contract*.  Postjudgment costs of enforcing the judgment that are recoverable as a matter of right (see § 685.070, subds. (a)(1)-(a)(5); *Lucky United Properties Investment, Inc. v. Lee* (2010) 185 Cal.App.4th 125, 138), and other expenses that may be minor or not subject to dispute, are obviously more appropriately addressed with the simplicity of the cost bill.  And there is no compelling reason why a claim for attorney fees that is conceded as reasonable, or not large enough to be worth contesting, cannot be handled with the cost bill procedure.

But for items that are substantial or contested—and attorney fee claims are commonly both—the greater detail provided by the noticed motion procedure is ordinarily employed.  And even if the judgment creditor complies with the requirement of section 685.070, subdivision (b) by having "The memorandum of costs . . . executed under oath by a person who has knowledge of the facts and shall state that to the person's best knowledge and belief the costs are correct, are reasonable and necessary and have not been satisfied,"[4] and even if there is no protest from the opposing side, that should not

---

[4] Which Hartford did.  Each of the Judicial Council form MC-012 memorandum of costs after judgment, acknowledgment of credit, and declaration of accrued interest submitted by Hartford's attorney recite that "I am the attorney for the judgment creditor. I have knowledge of the facts concerning the costs claimed above.  To the best of my knowledge and belief, the costs claimed are correct, reasonable, and necessary, and have not been satisfied."  The form also has a "Notice To The Judgment Debtor" advising: "The fees sought under this memorandum may be disallowed by the court upon a motion

7

necessarily be the end of the matter. Once a problematic claim comes to its attention, the court may feel the need for greater information and judicial consideration before that claim becomes a matter that the court may be obliged to enforce.

That was clearly the case here. Given the close to 1500 percent increase in Hartford's claimed costs— the great majority of which constituted attorney fees—and the evident acrimony between the parties, the court obviously believed that it should take a close look at the amount of Hartford's claim. A noticed motion would provide that opportunity, and require both sides to produce documentation and directed argument. (See 2 Pearl, Cal. Attorney Fee Awards (Cont.Ed.Bar 2013) § 11.53, pp. 684-686 [explaining what should be included in fee motion, including attorney declarations with "a description of their services (often with time records attached as an exhibit to the declaration), an explanation of why the hours are reasonable (e.g., hours generated by the losing party's tactics), a description of any billing judgment exercised, a statement of the hourly rates and their basis, and any other facts the court might need for its determination"; "The more specific the information in the declarations, the better"], § 11.58, p. 691 ["Any opposition to a fee motion must be prepared with great care . . . [¶] . . . [T]he opposition should consist of a well-reasoned supporting memorandum and declarations supporting the fee opponent's position and specifically challenging any relevant untrue factual assertions made by the fee claimants."].)

It is unreasonable to read the statutes as allowing a judgment creditor to establish an unchallengeable entitlement to attorney fees with the simple filing of a cost bill.[5]

---

to tax filed by the debtor . . . . A motion to tax costs claimed in this memorandum must be filed within 10 days after service of the memorandum."

[5] We note that while attorney fees are allowable as costs whether authorized by contract, statute, or law (§ 1033.5, subd. (a)(10)), such fees can be recovered only if approved by a court. As Witkin describes it, "rather than being recoverable under the cost bill procedure, they [attorney fees] are generally recovered by noticed motion filed after judgment in the underlying action." (7 Witkin, Cal. Procedure (5th ed. 2008) Judgment, § 295, p. 894.) Along these same lines, section 1033.5 talks of some attorney fees requiring that the claimant "bear the burden of proof." (§ 1033.5, subd. (c)(5).) And

Even if, for whatever reason, the claim is not protested by the judgment debtor,[6] we do not believe this should automatically preclude judicial examination.

The statutes do not treat the court as a rubberstamp, a mute formality. Who but a court can determine what are "the reasonable and necessary costs of enforcing a judgment" within the meaning of section 685.040? The court is expressly given that responsibility with a noticed motion (see § 685.080, subd. (b)) or with a contested cost bill. (§ 685.070, subd. (c).) It is not reasonable to maintain that the amount of attorney fees claimed in a cost bill is inviolate and beyond judicial scrutiny.

A look at the statutory basis for Hartford's original judgment is instructive. With the exception of certain specified actions against governmental entities, the SLAPP statute states that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." (§ 425.16, subd. (c)(1).) Notwithstanding this ostensibly mandatory command, "a fee award is not required when the motion, though partially successful, was of no practical effect." (*Lin v. City of Pleasanton* (2009) 176 Cal.App.4th 408, 426.) And the fees recoverable are limited to those the court, in the exercise of its broad discretion, determines are reasonable (*Robertson v. Rodriquez* (1995) 36 Cal.App.4th 347, 360-362), and only fees related to the motion to strike. (*Jackson v. Yarbray* (2009) 179 Cal.App.4th 75, 92-93.) Fees cannot be "manifestly excessive" (*Mallard v. Progressive Choice Ins. Co*. (2010) 188 Cal.App.4th 531, 544),

---

other attorney fees "shall be fixed either upon a noticed motion or upon entry of a default judgment . . . ." (*Ibid*.) In short, some showing to the court is required.

Another division of this District noted that in a SLAPP case, "In addition to attorney fees and costs imposed as a result of prevailing in the action, postjudgment costs of enforcing the judgment may also be recovered. Some costs, such as fees incurred in regard to abstracts of judgment or notice of judgment liens, may be claimed as a matter of right under section 685.070. Other enforcement expenses incurred by a judgment creditor are recoverable if, upon notice motion, the court determines they were reasonable and necessary costs of enforcing a judgment." (*Lucky United Properties Investment, Inc. v. Lee, supra,* 185 Cal.App.4th 125, 138.)

[6] It is apparent from the two orders that Judge Swope did not accept Karnazes's claim that she was not served with either of Hartford's cost bills.

9

and they cannot be "padded" with "inefficient or duplicative efforts" (*Ketchum v. Moses*, *supra*, 24 Cal.4th 1122, 1132) or "unnecessary . . . work." (*Wilkerson v. Sullivan* (2002) 99 Cal.App.4th 443, 448.)

Overreaching can have a dire consequence. Because "[t]he Legislature . . . did not intend recovery of fees and costs as a windfall" (*Christian Resource Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1321), " '[a] fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether.' " (*Ketchum v. Moses*, *supra*, 24 Cal.4th 1122, 1137.)

Although it is more common for statutes to specify that a prevailing or designated party "shall be entitled to recover reasonable attorney's fees and costs"(e.g., Civ. Code, §§ 56.36, subd. (e)(3)(A)(4), 1747.50, subd. (c), 1936.01, subd. (c)), even when the word "reasonable" is missing, as in the first sentence of section 425.16, subdivision (c)(1), it is treated as implicit. The reasons why were cogently expressed in *Robertson v. Rodriquez*, *supra*, 36 Cal.App.4th 347:

"If section 425.16 were interpreted to prevent a trial court from awarding attorney fees to a prevailing defendant in an amount the court deems reasonable and simply requires the trial court to award the amount requested, the statute would mandate the court to make what might be an *unreasonable* award. We cannot ascribe such an intention to the Legislature.

"Further, if a trial court were bound by the amount of attorney fees sought by a prevailing defendant under section 425.16 and had no discretion to award a lesser amount, the potential for abuse would be extraordinary. The trial court cannot be placed in the position of having to acquiesce in any amount sought by a prevailing defendant, no matter how outrageous. The trial court's role is not merely to rubber stamp the defendant's request, but to ascertain whether the amount sought is reasonable.

"Defendants have not cited any statute which strips the trial court of discretion to determine what constitutes a reasonable fee award, nor do we know of any. To the contrary, the codes are replete with provisions for reasonable attorney fees. [Citations.]

10

[¶] We readily conclude section 425.16 similarly authorizes an award of *reasonable* attorney fees to the prevailing party . . . ." (*Id.* at pp. 361-362.)

Thus, when Hartford asserts that "the attorney's fees claimed in the Memorandum Of Costs After Judgment were allowed *as a matter of law*" (italics added), he overreaches. It is asking too much of credulity to believe the Legislature intended that Hartford's initial claim of costs and fees under section 425.16, subdivision (c) would undergo judicial scrutiny, but his ensuing—and far larger—claims under the same statute would not. Or, in concrete terms, that his $21,143.37 could in less than two years swell to $307,667.12 simply by reason of a couple of filing stamps in the clerk's office. We have no solid basis for believing the Legislature sanctioned such unreasonable whimsicality with such a radical departure in the established approach to recovering costs. (See *Rossa v. D. L. Falk Construction, Inc*., *supra*, 53 Cal.4th 387, 397; *Jones v. Lodge at Torrey Pines Partnership* (2008) 42 Cal.4th 1158, 1171 [" 'We are not persuaded the Legislature would have silently, or at best obscurely, . . . created a significant departure from existing law.' "].)

A noticed motion in these circumstances would give the court the opportunity to satisfy itself on at least two key points. First, the court could decide for itself whether the claimed attorney fees were actually incurred in enforcing the SLAPP judgment. Rather than assuming, as Hartford does so easily, that relationship, the court's inquiry may establish that the claimed fees were incurred for other motives, and thus are not covered by section 425.16, subdivision (c). In this way, the court could decide whether the fees qualify as "necessary costs of enforcing a judgment." (§ 685.040.) Second, the court could then decide whether the claim was "reasonable" in amount. (*Lucky United Properties Investment, Inc. v. Lee*, *supra*, 185 Cal.App.4th 125, 138.)

What Hartford did completely subverted these procedures. Moreover, although his December 2010 renewal of his judgment seems technically permissible (see§ 683.130, subd. (a) ["In the case of a lump-sum money judgment . . . , the application for renewal of the judgment may be filed at any time before the expiration of the 10-year period of enforceability"]), its practical effect is plainly contrary to the spirit

11

of the statutory scheme for renewal of judgments (§§ 683.110-683.220). Nothing in that scheme hints at ministerial clerical decisions immunizing from judicial scrutiny a claim that would ordinarily go before the court with a noticed motion. (*Fidelity Creditor Service, Inc. v. Browne* (2001) 89 Cal.App.4th 195, 198 ["[r]enewal of a judgment is a ministerial act performed by a court clerk"].) Thus, the renewal is akin to an improperly entered default, which the court was within its discretion to vacate. (See § 473, subd. (d) ["The court may, upon . . . its own motion, correct clerical mistakes in the judgment"]; *Phipps v. Superior Court* (1939) 32 Cal.App.2d 371, 374 ["If the entry of this judgment was essentially a part of the clerk's duty, and the mistake not inherently judicial, the interest of justice required a change . . . . '. . . [A] trial court upon its own motion . . . has jurisdiction to correct mistakes in its orders . . . which are not actually the result of the exercise of judgment.' "].)

Judge Swope commendably viewed his gatekeeping function as requiring more than merely waving through Hartford's burgeoning claim for costs. We certainly cannot say he abused his discretion in giving himself the opportunity to consider whether $307,667.12 was both reasonable and necessary to enforcing collection of a judgment for $21,143.17.

## DISPOSITION

The orders are affirmed.

_____
Richman, J.

We concur:

_____
Kline, P.J.

_____
Haerle, J.

12