IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

NAVIGANT CONSULTING, INC.,  :
                                :        C.A. No. K16C-07-003 WLW
          Plaintiff,      :        Kent County
                                  :

v.                              :

MODERNICA, INC.,          :
                                  :
          Defendant.     :

Submitted: August 25, 2017
Decided: October 26, 2017

**ORDER**

Upon Defendant's Motion for Summary Judgment.
*Denied.*

Patrick Scanlon, Esquire and Darlene Wyatt Blythe, Esquire of Law Office of Patrick Scanlon, P.A., Milford, Delaware; attorneys for Plaintiff.

Christos T. Adamopoulos, Esquire of Connolly Gallagher, LLP, Wilmington, Delaware and Victor K. Sapphire, Esquire of Gerard Fox Law, P.C., Los Angeles, California (of counsel); attorneys for Defendant.

WITHAM, R.J.

Before the Court is Defendant Modernica, Inc.'s ("Modernica") Motion for Summary Judgment and Plaintiff Navigant Consulting, Inc.'s ("Navigant") Response in opposition. As an issue of fact remains, Modernica's motion is hereby denied.

## FACTS

This lawsuit arises out of three separate agreements, whereby Navigant contracted with Modernica to provide consulting services to Modernica.

Pursuant to the agreements, Navigant billed Modernica $248,990.31 for Navigant's purported services performed from December 4, 2014, to May 27, 2015.

From January 25, 2015, to September 22, 2015, Modernica paid Navigant $59,666.34 for its services, leaving a balance of $189,323.37 still due to Navigant.

On October 19, 2015, Modernica tendered $100,000 to Navigant. The amount was divided into three separate checks. Each check contained the following statement: "final accord and satisfaction." Navigant deposited the checks and has not returned the funds conferred to it.

On July 7, 2016, Navigant filed its Complaint in this Court, seeking to recover the purportedly outstanding balance of $89,323.37.

## THE PARTIES' CONTENTIONS

Modernica contends that it was overcharged for Navigant's services. Modernica claims that it repeatedly inquired about the charges through email and telephone conversations, but Navigant failed to respond substantively to Modernica's concerns. Although Modernica did not provide a single email to support its allegations, it relies upon an email attached as Exhibit "I" to Navigant's Response to

Modernica's Motion for Summary Judgment. The email provides in pertinent part: "If it is Modernica's position that they [sic] do not intend to pay the invoices, please state so." This language, according to Modernica, apparently shows that Navigant was aware of Modernica's dispute of the amount due before Modernica tendered the final payment checks. Therefore, Navigant's deposit of the checks labeled "final accord and satisfaction" allegedly extinguished the debt owed by Modernica.

Navigant contends that Modernica never communicated its objections to Navigant. In support of this contention, Navigant provided email correspondence between the parties discussing further payment of amounts owed by Modernica. According to Navigant, even as late as October 9, 2015, Modernica promised further payments without mention of a dispute. In regards to the email included as Exhibit "I" in Navigant's Response, Navigant alleges that it sought clarification as to whether Modernica intended to make further payments to Navigant. Thus, Navigant argues that it was not on notice that Modernica disputed the amount owed for Navigant's purported services.

In the alternative, Navigant contends that even if it was on notice of the dispute, Modernica's payment cannot constitute satisfaction of Modernica's debt because Navigant requested that communications regarding the debt be sent to a specific employee of Navigant. As a result, according to California Code Section 3311(c)(1), Navigant contends that the checks delivered to Navigant by Modernica should have been sent to the specific employee rather than the lock box Modernica deposited them in.

Navigant also claimed that Modernica failed to meet its burden of proof for summary judgment because, according to Navigant, the affidavit attached to Modernica's motion was not based on the personal knowledge of the affiant and would therefore be considered hearsay. In response, Modernica provided the Court with an additional affidavit in support of the original affidavit. The additional affidavit was based upon the personal knowledge of the affiant. As Navigant has not alleged that it suffered prejudice as a result of the delayed filing, Navigant's objection to the first affidavit, therefore, is moot.

## STANDARD OF REVIEW[1]

This Court may grant summary judgment only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.[2] In ruling on such a motion, the Court must view the facts in a light most favorable to the non-moving party.[3] Initially, the moving party bears the burden of establishing

---

[1] Interpreting a choice of law provision nearly identical to the one in this case, the Court of Chancery determined in *Maloney-Refaie v. Bridge at School, Inc.*, that Delaware law governed procedural aspects of the case even though Maryland law governed the court's interpretation of the agreement in that case. *See Maloney-Refaie v. Bridge at School, Inc.*, 958 A.2d 871, 879 (Del. Ch. 2008). The Court relied upon its prior decisions stating that "[i]t is well established that the law of the forum governs question of remedial or procedural law." *See, e.g., Taylor v. LSI Logic Corp.*, 1998 WL 51742, at *4 n. 19 (Del. Ch. Feb. 3, 1998); *Lutz v. Boas*, 176 A.2d 853, 857 (Del. Ch. 1961).

[2] Super. Ct. Civ. R. 56(c).

[3] *Norse Petroleum A/S v. LVO Int'l, Inc.*, 389 A.2d 771, 774 (Del. Super. 1978).

the non-existence of material issues of fact by a preponderance of the evidence.[4] The moving party meets this burden "by identifying those 'pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any' which it believes demonstrates the absence of a genuine issue of material fact."[5]

Once the moving party meets its' burden, the burden shifts to the non-moving party to establish, by a preponderance of the evidence, the existence of material issues of fact.[6] Where the moving party produces an affidavit or other evidence sufficient under Superior Court Civil Rule 56 in support of its motion and the burden shifts, the non-moving party may not rest on its own pleadings, but, must provide evidence showing a genuine issue of material fact for trial.[7] If the non-moving party cannot make a sufficient showing of the existence of an essential element of his or her case, summary judgment must be granted.[8] If, however, a material issue of fact exists or if the Court determines that it does not have sufficient facts to enable it to apply the law to the facts before it, summary judgment is not appropriate.[9]

---

[4] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[6] *Moore*, 405 A.2d at 681.

[7] Super. Ct. Civ. R. 56(e); *Celotex*, 477 U.S. at 322-23. The Court must add that marginalia information does not help the non-moving party's cause.

[8] *Id.*

[9] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962).

## DISCUSSION

As the parties have made clear, the doctrine of "accord and satisfaction" is central to the Court's decision in this matter. The parties agree that California law governs the Court's interpretation of the doctrine due to the choice of law provision contained in each of the three service contracts entered into by the parties.[10] The doctrine as provided by California Commercial Code Section 3311, states that:

(a) If a person against whom a claim is asserted proves that (1) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (2) the amount of the claim was unliquidated or subject to a bona fide dispute, and (3) the claimant obtained payment of the instrument, the following subdivisions apply.

(b) Unless subdivision (c) applies, the claim is discharged if the person against whom the claim asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.

(c) Subject to subdivision (d), a claim is not discharged under subdivision (b) if either of the following applies:

(1) The claimant, if an organization, proves that (A) within a reasonable time before the tender, the claimant sent a conspicuous statement to the person against whom the claim is asserted that communications concerning disputed debts, including an instrument tendered as full satisfaction of a debt, are to be sent to a designated person, office, or place, and (B) the instrument or accompanying communication was not

---

[10] Each agreement provides in part that it "shall be governed by and construed in accordance with the laws of the State of California without regard to its conflict of laws principles."

received by that designated person, office, or place.[11]

The question of whether an accord and satisfaction to a claim was reached is a question of fact.[12] Because the doctrine of accord and satisfaction operates as an affirmative defense, the burden of proof rests on the defendant.[13] Therefore, in order to meets its initial burden for summary judgment, defendant must provide admissible evidence so that a reasonable finder of fact would determine that all of the elements of accord and satisfaction are met.[14]

After a careful review of the evidence presented, the Court is unable to grant summary judgment because a question of fact remains as to whether a *bona fide dispute* existed *prior* to Modernica's tender of the final payment checks to Navigant.[15] The Court's decision relies upon two separate, logically inconsistent, pieces of evidence provided by the parties. On one hand, Modernica provided an affidavit of its employee which specifically states that Modernica, on numerous occasions through email and telephone conversations, disputed the amounts owed to Navigant.

---

[11] The statute is a codification of the common law doctrine of accord and satisfaction, and so where the code is ambiguous courts look to common law for clarification. *Jones v. Baltimore Life Ins. Co.*, 2007 WL 1713250, at *10 (E.D. Cal. 2007).

[12] *Bii Fin. Co. v. U-States Forwarding Servs. Corp.*, 95 Cal. App. 4th 111, 126, 115 Cal. Rptr. 2d 312 (2002).

[13] *Rabinowitz v. Kandel*, 1 Cal. App. 3d 961, 965, 81 Cal. Rptr. 897 (1969).

[14] *See Aguilar v. Atlantic Richfield Co.*, 24 P.3d 493 (Cal. 2001).

[15] *Lucky United Properties Inv., Inc. v. Lee*, 185 Cal. App. 4th 125, 151 (Cal. Ct. App. 2010) (clarifying that a dispute must exist before money is tendered).

On the other hand, Navigant provided an email, attached as Exhibit "I" to Navigant's Response, that apparently contradicts Modernica's contention. The email, sent the day before Modernica tendered the final payment checks, provides in pertinent part:

> If it is Modernica's position that they do not intend to pay, please state so. If it is the company's intention to pay the invoices and it is a matter of structuring a specific payment schedule for the purposes of cash flow, please send me a proposed repayment schedule. I am unclear what you wish to discuss. These services date back to nearly a year. If there were questions or objections to any of the billed time, those should have been voiced many, many months ago (as the terms of the contract dictate). All of the time incurred on these projects is supported by emails, telephone conversations, [and] in-person meetings with both the owners and their external counsel. Navigant already discounted our rates at the beginning of the projects - all three of them. Please let me know Modernica's position specifically about these invoices so I can inform Navigant's legal and accounting departments.

When read in a light most favorable to Navigant, the Court finds that the email provided is likely intended to clarify *if* a dispute existed, rather than to confirm that a dispute *already* existed. The key words the Court relies upon are, "if it is Modernica's position that they [sic] do not intend to pay." Modernica contends this language supports its argument that a dispute existed. However, it seems counterintuitive for Navigant to question Modernica's position for payment of the debt if Modernica had already communicated its disagreement. As Navigant sent the email the day before Modernica tendered the final payment checks, the Court finds that it is unlikely that Modernica communicated any dispute prior to tendering the checks.

8

In sum, although the affidavit provided by Modernica indicated that it had repeatedly communicated its objections to Navigant regarding the debt owed, the email provided by Navigant indicates that it was unaware if a dispute actually existed. As these facts directly contradict each other, the Court is unable to determine whether a *bona fide dispute* existed prior to Modernica's tender of the final payment checks to Navigant. In essence, the parties have left the Court with a question of fact that is inappropriate for determination of summary judgment.

## CONCLUSION

As a question of fact remains as to whether a *bona fide dispute* existed prior to Modernica's tendering of the final payment checks, Modernica's motion is hereby **DENIED,** without prejudice as to Modernica's right to re-file at the close of discovery.

IT IS SO ORDERED.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

9