Filed 3/30/22  Lee v. Bank of America CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| DON H. LEE, | C091938 |
| Plaintiff and Appellant, | (Super. Ct. No. 17CV42098) |
| v. | |
| BANK OF AMERICA, N.A., | |
| Defendant and Respondent. | |

Plaintiff Don H. Lee and defendant Bank of America, N.A., settled a prior action between them.  Before the terms of the settlement had been satisfied, Lee filed this action against Bank of America alleging causes of action related to the settlement.  After the terms of the settlement in the prior action had been satisfied, the trial court ordered the parties to show cause why this case should not be dismissed as moot.  After a hearing, the trial court dismissed this action as moot.

1

Lee now contends (1) the trial court improperly determined mootness at a hearing on an order to show cause, (2) the trial court improperly relied on inadmissible evidence, and (3) the trial court erred in finding the case moot.

Finding no error, we will affirm the judgment.

## BACKGROUND

In case No. 14CV40435, Bank of America sued Lee concerning a deed of trust secured by real property in Calaveras County.[1] In a settlement conference for that case, the parties agreed to settle the case with specific terms. Two of the major terms were that Lee would reconvey the deed of trust and Bank of America would pay Lee $5,000. The parties agreed that Bank of America would prepare a formal settlement agreement. While Lee reconveyed the deed of trust, he refused to sign the settlement agreement prepared by Bank of America. And Bank of America did not give Lee $5,000.

On January 9, 2017, Lee filed this action (case No. 17CV42098) against Bank of America, alleging four causes of action relating to the settlement agreement in case No. 14CV40435 and Bank of America's failure to pay him $5,000. The four causes of action were for breach of contract, breach of the covenant of good faith and fair dealing, promissory fraud, and cancellation of a recorded instrument.

Bank of America moved to enforce the settlement under Code of Civil Procedure section 664.6 and to obtain an order for Lee to sign the settlement agreement. The trial court granted Bank of America's motion and ordered Lee to sign the settlement agreement. On its own motion, the trial court found that case No. 17CV42098 had been rendered moot by the settlement and therefore dismissed it. (*Bank of America N.A. v. Lee, supra*, C084613.) Lee appealed, and this court affirmed the trial court's order

---

[1] We take judicial notice of this court's opinion in *Bank of America, N.A. v. Lee* (June 25, 2019, C084613) [nonpub. opn.]. (Evid. Code, § 451, subd. (a).)

enforcing the settlement but reversed the dismissal of 17CV42098 because Lee did not have notice and an opportunity to be heard before the dismissal. (*Ibid*.)

Thereafter, Lee executed the settlement agreement in case No. 14CV40435. Also, Bank of America delivered a check to Lee for $5,000 on December 12, 2019, and Lee deposited the check into his bank account. However, Lee changed his mind about accepting the money, so he sent a cashier's check for $5,000 to Bank of America on January 6, 2020.

The trial court ordered the parties to show cause why case No. 17CV42098 was not rendered moot by this court's ruling in case No. 14CV40435 and therefore should not be dismissed. Lee filed a memorandum opposing dismissal of case No. 17CV42098, and on February 7, 2020, the trial court held a hearing on its order to show cause. With the agreement of both parties, the trial court dismissed case No. 14CV40435 with prejudice. After hearing argument from the parties, the trial court also dismissed case No. 17CV42098.[2]

---

[2] The trial court dismissed this action (case No. 17CV42098) without prejudice. Normally, the designation as without prejudice would preclude appealability because there is no final judgment. Here, however, the case falls under a narrow exception in which the trial court intended to allow only a new action based on new facts. (*Topa Ins. Co. v. Fireman's Fund Ins. Companies* (1995) 39 Cal.App.4th 1331, 1336.) The trial court stated at the hearing: "I am going to order that 17CV42098 is dismissed . . . without prejudice to file a new Complaint if there are any new facts and new theories of law arising out of the entire settlement process." Because the dismissal was with prejudice as to the facts involved in case No. 17CV42098, the dismissal is appealable. However, we note that res judicata would preclude consideration of any issue in a future action that was or could have been litigated in this action. (*Bullock v. Philip Morris USA, Inc.* (2011) 198 Cal.App.4th 543, 557.)

DISCUSSION

I

Lee contends the trial court improperly determined mootness at a hearing on an order to show cause.

Before considering this contention, we note Lee finds fault with some of the statements the trial court made during the hearing on the order to show cause. For example, Lee faults the trial court for saying that the hearing on the order to show cause was like a demurrer. But it does not matter what the trial court said in that regard because we review the correctness of the trial court's ruling dismissing the action and not the reason for that ruling. (*Muller v. Fresno Community Hospital & Medical Center* (2009) 172 Cal.App.4th 887, 906-907.) We therefore need not consider whether various statements made by the trial court were erroneous.

Lee argues the hearing on the order to show cause failed to give him a meaningful opportunity to present argument that case No. 17CV42098 should not be dismissed. While it is true a trial court must give notice and an opportunity to be heard before dismissing an action on its own motion, as this court noted in the decision in the prior appeal (*Bank of America, N.A. v. Lee, supra,* C084613), following remittitur the trial court gave Lee notice and an opportunity to be heard. The trial court notified Lee of the need to present his arguments on whether the case is moot, and in response, Lee filed a written memorandum and appeared at a hearing. Lee presents no persuasive argument that this procedure was constitutionally inadequate.

Lee also argues the hearing on the order to show cause was an inappropriate vehicle for determining mootness because the trial court made a factual determination about whether Lee had been paid the $5,000 required by the settlement agreement. But the trial court did not make a factual determination; the material facts were undisputed. Rather, the trial court made a legal determination that dismissal was appropriate even though Lee had sent a $5,000 check to Bank of America.

4

Lee's arguments lack merit.

## II

Lee next contends the trial court improperly relied on inadmissible evidence. He claims the trial court should not have taken judicial notice of (A) a declaration filed by Bank of America that $5,000 had been paid to Lee and (B) this court's conclusion in the prior appeal that the formal settlement agreement was consistent with the settlement entered into by the parties at the settlement conference.

### A

Lee, himself, declared:  "Bank of America delivered a check for $5,000 to me on December 12, 2019.  I deposited the check in my bank account as the check was not accompanied by any indication that the $5,000 had been tendered in full settlement of Case No. 17CV42098."  Lee's suggestion that the trial court improperly relied on Bank of America's declaration lacks merit because Lee declared the same material facts.

### B

Other than claiming that a court cannot take judicial notice of a document for the truth of the facts stated in the document, Lee gives no reason why the trial court could not rely on the holding in our prior opinion that the formal settlement agreement was consistent with the settlement entered into by the parties at the settlement conference. (*Bank of America, N.A. v. Lee, supra*, C084613.)  Having obtained a final determination concerning the consistency between the settlement terms and the formal settlement agreement, Lee is not entitled to relitigate that issue.  (*In re Estate of Bauer* (1929) 208 Cal. 199, 199-200.)

The record does not establish that the trial court relied on inadmissible evidence in dismissing the action.

## III

In addition, Lee contends the trial court erred in finding the case moot.  He does not connect his arguments to any particular cause of action alleged in his complaint in

5

case No. 17CV42098; rather, he makes arguments about the legal effect of the facts and our prior decision in *Bank of America, N.A. v. Lee, supra*, C084613.

Once again, Lee argues he did not receive $5,000 in satisfaction of the settlement agreement because he tried to give the money back. In the trial court, he declared that he received the check for $5,000 from Bank of America and deposited it into his bank account. Later he obtained a cashier's check for $5,000 and sent it to Bank of America, in his words, "to avoid what may have been an attempt [by Bank of America] to claim that the check for $5,000 was tendered in full compliance with [the] 2016 settlement, or in the alternative, tendered as an accord and satisfaction that fully satisfied the disputed claims alleged in Case No. 17CV42098."

Bank of America's payment of $5,000, which Lee accepted and deposited into his account, was obviously an effort to satisfy Bank of America's obligation under the settlement agreement. Although Lee denies that the $5,000 payment satisfied the claims in case No. 17CV42098, he does not specify what claim it did not satisfy.

Lee argues he properly rejected the payment under California Uniform Commercial Code section 3311. He asserts he could reject the payment because there was no accompanying statement that it was in "full satisfaction of the claim." (Cal. U. Com. Code, § 3311, subd. (b).) Lee also asserts there remained between him and Bank of America a "bona fide dispute" (Cal. U. Com. Code, § 3311, subd. (a)), and he validly returned the payment under California Uniform Commercial Code section 3311, subdivision (c)(2), which allows a party to return payment within 90 days.

California Uniform Commercial Code section 3311 allows a party to propose a full settlement of a claim by sending a check and including the statement that it is in full satisfaction of the claim. If the other party accepts the payment, the claim is satisfied. (Cal. U. Com. Code, § 3311, subd. (b).) However, this provision does not apply to a settlement agreement like the one in this case, because here the matter was already settled in a writing for an agreed-upon amount and the check was in satisfaction of that settled

6

matter. California Uniform Commercial Code section 3311 applies only if there is a "bona fide dispute" concerning the amount owed. (Cal. U. Com. Code, § 3311, subd. (a); *Lucky United Properties Investment, Inc. v. Lee* (2010) 185 Cal.App.4th 125, 150.) Here, there was no such dispute because the issue had been agreed upon and resolved before Bank of America made the payment. Lee's unsupported assertion that the payment did not satisfy unspecified claims does not change this result.

"When a plaintiff has received all that he or she has demanded in the complaint, the case is considered 'moot'; in other words, there is no further relief the court could provide. ' "Generally, courts decide only 'actual controversies' which will result in a judgment that offers relief to the parties. [Citations.]" ' [Citation.] [¶] 'The pivotal question in determining if a case is moot is therefore whether the court can grant the plaintiff any effectual relief. [Citations.] If events have made such relief impracticable, the controversy has become "overripe" and is therefore moot. [Citations.] . . . When events render a case moot, the court, whether trial or appellate, should generally dismiss it.' [Citations.]" (*Schoshinski v. City of Los Angeles* (2017) 9 Cal.App.5th 780, 791.)

When events occurring after the filing of a complaint render a cause of action moot, the trial court may dismiss the cause of action on its own motion. (*Rio Vista Farm Bureau Center v. County of Solano* (1992) 5 Cal.App.4th 351, 383.) Here, the signing of the settlement agreement in case No. 14CV40435 and the satisfaction of its terms rendered the complaint in case No. 17CV42098 moot because the latter action was predicated solely on the alleged failure of Bank of America to comply with the terms of the settlement agreement.

Lee makes additional arguments attacking the trial court's conclusion that the current action is moot, but those arguments are also moot. For example, Lee claims the trial court erred in determining that Lee's signing of the formal settlement agreement was a condition precedent to Bank of America's obligation to pay Lee $5,000. However,

because the formal settlement agreement has been signed and the payment was made, it does not matter at this point whether one was a condition precedent of the other.

Because the parties settled their dispute and complied with the terms of the settlement agreement, the trial court properly concluded the current action is moot.

## DISPOSITION

The judgment is affirmed.  Bank of America is awarded its costs on appeal. (Cal. Rules of Court, rule 8.278(a).)


/S/

MAURO, J.

We concur:


/S/

BLEASE, Acting P. J.


/S/

RENNER, J.

8